LEHIGH VAL. R. CO. v. RAINEY et al.

(Circuit Court, E. D. Pennsylvania. February 19, 1900.)

No. 38.

REMOVAL OF CAUSES—JURISDICTION ACQUIRED BY FEDERAL COURT.

While the jurisdiction acquired by a federal court over a suit removed from a state court is, in a limited sense, derivative, so that such court acquires no jurisdiction where the state court had none over the subject-matter, yet, where the state court had jurisdiction of the cause of action stated in the declaration, the fact that the defendant, after removal, pleads

a defense of which the state court could not have taken cognizance, because based on a statute which the courts of the United States are alone empowered to administer, does not deprive the federal court of jurisdiction.

On Plea to Jurisdiction.

Francis I. Gowen, for plaintiff.

Crispiano Andrade, Jr., for defendants.

DALLAS, Circuit Judge. This is an action to recover $5,919.98, alleged to be due by the defendants to the plaintiff for transportation of coal from Clearfield, Pa., to Perth Amboy, N. J. It was originally brought in a state court, and, on defendants' petition, was removed into this court, upon the ground that a federal question was involved. At the time of removal the plaintiff's statement of claim had been filed, but no defense had been in any manner interposed. Since the removal the defendants have, by plea, challenged the jurisdiction of this court. This plea has been demurred to, and upon the issue joined on the demurrer the question presented has been argued, and is now for decision.

It may be conceded "that, where a cause is removed from a state court, the jurisdiction of the federal court over that particular suit is in a certain limited sense a derivative jurisdiction, so that if the state court have no jurisdiction over the subject-matter or the parties the federal court can have none, although it might, by some other suit originally brought or removed, acquire jurisdiction over the controversy between the parties." Fidelity Trust Co. v. Gill Car Co. (C. C.) 25 Fed. 737. But I cannot agree that the state court had no jurisdiction of this suit. It unquestionably had jurisdiction of the subject-matter of the claim. The only point made is that it could not entertain the affirmative defense which is set out in this plea. It was because this defense involves a federal question that the case was transferred to a federal tribunal, whose power to decide it, if the action had been there brought in the first instance, is impliedly admitted, and could not be denied. Can it be, then, that the defendants, by raising that question after removal, may oust the jurisdiction which they have themselves invoked as being the only legitimate one? The authorities cited by the learned counsel of the defendants do not, I think, call for an affirmative reply to this inquiry. In Swift v. Railroad Co. (C. C.) 58 Fed. 861, it was, it is true, said:

"The courts of the United States, upon removed cases, have no wider jurisdiction than have the courts of the state from which they were removed. The removal simply transfers the hearing from the state to the national tribunal, but does not enlarge the right of the court to hear the cause. The right to question the reasonableness of an interstate commerce rate is a matter of primary, as well as of exclusive, jurisdiction in the federal courts. It does not reside in the jurisdiction of the state courts, or of the federal courts, acquired by the fact of diverse citizenship."

This, however, was said with reference to a suit directly upon the interstate commerce act, and nothing was decided but that, inasmuch as the cause of action declared upon was not maintainable in the state court, it could not be maintained in the federal court to which the case had been removed. There, the state court had no jurisdiction of the action; here, the only lack of jurisdiction alleged is that the de-

fense proposed to be made is one of which the state court could not have taken cognizance. So, too, in the case of Fidelity Trust Co. v. Gill Car Co., supra, the demurrer was to the bill, and the ground of the judgment appears to have been that, because there was in the state court an entire absence of jurisdiction of the subject-matter of the suit, it could not be regarded as having been "rightly brought," and was, in effect, "no suit in court, any more than if the proceeding had been commenced in a moot court." It was not adjudged that, in a suit which had been rightly brought in a state court, the federal court is, upon removal, without authority to entertain a defense based upon a statute which the courts of the United States are alone empowered to administer. The demurrer is sustained.