(89 App. Div. 169.)

### In re ROBINSON.

#### (Surrogate's Court, Putnam County. December, 1903.)

1. SURROGATE—JURISDICTION—ACCOUNTING.
   On a final accounting, the surrogate has jurisdiction, and must inquire into the allegation of payment made by the administrator.

2. SAME.
   Where, on an accounting by an administrator, he testifies that he has paid a certain sum out of the assets of the estate to a person named, the payee cannot oust the surrogate of jurisdiction by alleging that the administrator intends to set off against such sum money due by such person to the estate, which debt is denied.

In the matter of the accounting of William J. Robinson, administrator of Elizabeth Robinson, deceased. Motion of contestants denied.

Clayton Ryder, for administrator.

Frank M. Tichenor, for Nelson C. Robinson, contestant.

SOUTHARD, S. This proceeding is before the court upon a petition by the administrator for a final judicial settlement of his accounts as such and upon the objections filed by Nelson C. Robinson, one of the next of kin of the decedent, and upon the motions by the attorney for the contestant to strike out the testimony of the administrator relating to the alleged payment to Nelson C. Robinson, and upon a further motion to dismiss the proceedings upon the ground that, in so far as it is sought to set off an alleged indebtedness of the contestant against the amount due him, that indebtedness upon the part of the said contestant to the decedent's estate being denied by him, the surrogate has no jurisdiction. Throughout the argument in the brief filed by the contestant the idea of his attorney seems to be that the court has no jurisdiction to try the question of the debt due the decedent's estate unless a stipulation shall have been entered into as is provided by the Code of Civil Procedure, or unless an account of the debt has been presented to and either allowed or objected to by the legal representative of the decedent. However, this proceeding is not being prosecuted by the claimant endeavoring to have the validity of the claim which he alleges to hold against decedent's estate, but is a proceeding wherein the administrator seeks to justify payments made by him in the distribution of the decedent's estate. Upon the final accounting the surrogate has jurisdiction, and must inquire into the allegation of payments made by the legal representative of the estate. Matter of Underhill, 117 N. Y. 471, 22 N. E. 1120.

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. §§ 2180–2182.

The surrogate determines the validity of the payments made by the executor, and after such determination the amount of the estate for the purpose of distribution is also determined, that amount of course enhanced by disallowing any payments alleged to have been made on account of the estate where the same may have been an overpayment and when the distributee is a party to the accounting. The surrogate has jurisdiction to determine the amount of payments which the administrator shall have credit for, because upon the determination of that fact depends the question of the amount of assets with which the administrator is to be charged for the purpose of decreeing distribution of the decedent's estate. The power to decide those facts as to payment springs from the power of the surrogate over the accounts of administrator and his power to allow the legal and disallow the illegal payments which the administrator may have made and which he claims in his account. Having this power, it may well be that all the facts which are material in the course of the investigation which the surrogate may properly make should all be before him. Though a judicial officer with limited and prescribed powers, the surrogate in a proceeding before him having for its object the settlement of an executor's account and to obtain a decree directing the distribution of the funds in his hands, and with all parties in interest present, may construe the provisions of a will whenever such a determination is necessary in order to make a decree of distribution. Code Civ. Proc. § 2472; Matter of Verplanck, 91 N. Y. 439. Such a jurisdiction is one which is incidental to the office of the surrogate, and which places clearly the authority conferred upon him by statute; and, if the surrogate is thus entitled to construe the provisions of a will in order to determine the distributive shares and interests, he also should be entitled to hear the testimony of the administrator in this proceeding as to payments claimed to have been made by him in the process of the administration of the estate in his hands.

This is an application for the final judicial settlement of the accounts of the administrator, and it would seem from the opinion of the court in Riggs v. Cragg, 89 N. Y. 479, that the Surrogate's Court can exercise the powers prescribed by statute and such incidental powers as are requisite to the exercising of the powers expressly given, and that, having all parties in interest before him upon this accounting, the surrogate is entitled to settle and determine all questions concerning any debt, claim, legacy, bequest, or distributive share, to whom the same shall be payable, and the sums to be paid to each person interested. As to whether the given transaction is to be considered as a payment is a question which is for the determination of the surrogate, and, as it may or may not be determined in the administrator's favor, the administrator may present his evidence, and be heard before the court.

The motions made by the contestant's attorney are therefore denied. Further proceedings will be had upon this accounting before the surrogate at his office in Carmel, N. Y., on the 28th day of December, 1903, at 10 o'clock in the forenoon of that day.

Decreed accordingly.