In the matter of the estate of August Struble, deceased.

[Decided May 1st, 1917.]

1. The orphans court has no jurisdiction to compel an administrator to account for rents collected by him from the property of the intestate.

2. The fact that the administrator has, in prior accounts, accounted for rents under a tacit agreement with the heirs, does not give the orphans court power to compel him to continue to account, as he is entitled upon his accounting to a decree of a court competent to fully protect him.

---

On appeal from the Sussex county orphans court.

*Mr. Charles F. Kocher,* for the appellant.

Lane, Vice-Ordinary.

This is an appeal from an order of the Sussex county orphans court refusing to strike out exceptions filed to an accounting of

an administrator upon the ground that the exceptions were based upon the neglect of the administrator to account for rents collected by him subsequent to the death of the intestate.

The orphans court while admitting, as it was bound to do, that ordinarily the administrator has no concern with real estate, yet held that, because in fact the administrator had in previous accounts accounted for rents, and that there was a tacit agreement between the heirs that he should account for rents as assets of the estate, the administrator was estopped from denying the jurisdiction of the orphans court to compel him to account. No answer was filed to the petition of appeal, and this court has not been favored with the views of counsel for the exceptants. The question is one of jurisdiction. The orphans court cannot assume jurisdiction unless conferred by statute. If the court transcend its jurisdiction its acts pass for nothing. *In re Alexander, 79 N. J. Eq. 226.* If the administrator should account in the orphans court and should thereafter be required to account elsewhere by someone dissatisfied with the order of the orphans court, certainly if by someone who had not appeared in the orphans court, he would, if the orphans court had no jurisdiction, be obliged to account again. There may be cases where those interested in the rents are persons over whom the orphans court has no claim of jurisdiction. Acquiescence will not confer jurisdiction. Certainly, the mistaken prior accounting for rents does not preclude the administrator from now insisting upon his right to account in some tribunal, the decree of which will adequately protect him. The orphans court not having jurisdiction to compel the administrator to account for the rents, the motion to strike out the exceptions should have been granted. The order of the orphans court will be therefore reversed