[No. 3502. March 30, 1931.]

In re SHELEY'S ESTATE.

SHELEY v. SHAFER.

[298 Pac. 942.]

Walter W. Mayes, of Clovis, for appellant.

Rowells & Havener, of Clovis, for appellee.

OPINION OF THE COURT

HUDSPETH, J.

Appellant and appellee are brother and sister and the only heirs of Alonzo Sheley,. who died intestate on the 19th day of December, 1922, a resident of Curry county, N. M. Decedent left an estate in Curry county, N. M., consisting of real and personal property.

Less than six months after the appointment of the administrator, Belle Shafer, the appellee, filed in the probate court of Curry county, where the administration of the estate of Alonzo Sheley was pending, a petition alleging that appellant, a resident of the state of Iowa, was indebted to the estate of decedent on "one note in the principal sum of $1,500.00; profits on real estate deals, $2,425.00."

The appellant was ordered to show cause why the administrator "should not be ordered to collect the amount against the said M. M. Sheley, as prayed for in the petition." Appellant answered and denied that he was indebted to the estate, alleged the payment of the $1,500, note, and also pleaded the statute of limitation to the note, and, further answering the petition, said:

"That he admits that the estate of the said Alonzo Sheley, deceased, owns an interest in a certain note for $12,765.00, and the real estate mortgage securing the same covering certain real estate in the State of Iowa to the extent of $2425.00 being an undivided 19/100 interest therein but that said mortgage is a second mortgage on said real estate and is subject to a prior mortgage for $10,000.00, and that the said mortgage has little or no value at this time. * * *

"The undersigned respondent hereby brings and tenders into court the said undivided 19/100 interest of the estate in the said note and mortgage and submits the same to the jurisdiction of this court."

The probate court, on the 8th of December, 1923, made an order, of which the following is a part:

"It is therefore ordered by the court that the administrator in this cause do collect for the benefit of the above estate of M. M. Sheley as follows: the said note in the principal sum of $1500.00, and also the sum of $1775.00 for the investment of one-half of the Moore land in the Iowa land, making a total collection of $3255.00, which the said administrator is hereby ordered to collect from the said M. M. Sheley as aforesaid, and the said M. M. Sheley is hereby ordered to pay into the hands of the administrator of said estate the said sum of $3255.00, and the said administrator, who is R. N. Downie, is further ordered to collect said sum out of any funds that may be in his hands as such administrator and that may belong to the said M. M. Sheley, and the said administrator, R. N. Downie, is further ordered to take any legal steps to bring suit or to defend suit or to do whatever may be necessary to make said collection and his costs in the premises are hereby allowed."

On the 5th of December, 1927, appellant filed a petition for removal of the administration to the district court of Curry county under the provisions of chapter 40, Laws of 1919, section 34—422 of the 1929 Compilation, and said administration was removed to the district court.

On the 27th day of January, 1928, C. F. Doughton, the administrator, filed his final account and report in the district court, showing cash received from former administrator, $2,102.79, and cash received from sale of property, $2,757.57, and alleged that the administration was in condition to be closed, and that he believed the appellant and appellee were the only heirs at law of decedent.

To this report the appellee filed exceptions on the ground that the administrator had not deducted from the share of the appellant the sum which the administrator was ordered to collect from appellant by the probate court on the 8th of December, 1923. To this the appellant filed an answer to which he attached copies of said order of the probate court and the petition of appellee on which it was made. He alleged that the order was directory merely and not an adjudication of the indebtedness of appellant to decedent's estate, that it was beyond the power of the probate court to adjudicate the question of said indebtedness; alleged payment of the $1,500 note; demanded a trial by jury thereon; and alleged that the other claim was based upon partnership transactions between appellant and decedent; and demanded that the questions of the existence of the partnership and whether or not

an accounting of the partnership transactions should be ordered be submitted to a court of equity.

The appellant further answered that letters of administration were granted on the estate of decedent by the district court of Powesheik county, state of Iowa, sitting in probate on the 26th day of February, 1924, that appellant had acquired the interest of the estate in the note and mortgage on the Iowa land at a public sale for the sum of $60, and that he compromised the claim on the $1,500 note made by appellant in favor of decedent for $10, all with the approval of the Iowa court, and that, by reason of such judgment and proceedings in the Iowa court, the appellee was barred and estopped from claiming or asserting any claim against appellant by reason of the debts claimed to be due the estate of decedent. An exemplified copy of the judgment roll of the Iowa court was attached and made a part of the answer, by which it appears that the administrator was appointed by the Iowa court on the petition of appellant.

By trial amendment the appellant alleged that $2,757.57 in the hands of the administrator was the proceeds of the sale of real estate of which the decedent died seized situated in Curry county, N. M., which sale was had in a partition proceeding in the district court of Curry county, and claimed that one-half thereof was his individual property and exempt from any order or judgment of retainer. It appears that the proceeds of the real estate was turned over to the administrator by agreement of the appellant and appellee.

On motion the court struck the part of the answer referring to the Iowa court proceedings, and sustained a demurrer to the remainder of the answer on the ground that the question of the indebtedness of appellant to the estate was determined by the probate court in its order of December 8, 1923, and was res adjudicata, and later entered a decree of distribution directing the administrator to deduct one-half of $3,255 from that part of the residue of the estate belonging to M. M. Sheley, the appellant, and to pay it to appellee.

Appellant contends that the administrator has no right to retain from his distributive share the amount of any indebtedness which it may be found to be due the decedent's estate by him, on the ground that there is no statute conferring such right.

The courts very generally agree that it is the right and duty of the administrator to deduct from the distributive share of an heir in the personal estate of an intestate any indebtedness due from the heir to the deceased at the time of his death. 24 C. J. 487; 9 R. C. L. 107; Lambright v. Lambright, 74 Ohio St. 198, 78 N. E. 265, 6 Ann. Cas. 807.

The Supreme Court of Maine in Webb v. Fuller, 85 Me. 443, 27 A. 346, 347, 22 L. R. A. 177, said:

"The right of an executor or administrator to retain a legacy or distributive share from a debtor to the estate, and apply it to the indebtedness, has long been recognized by the law as existing without any statute. It is not the technical right of set-off in actions at law. It is rather called in the old cases the 'right of retainer.' It is an equitable right of its own nature, and not at all dependent upon any statute. It is the plain moral, as well as legal, duty of the debtor to pay his debt to the estate. He has had the value from the estate. He ought in morals and law to restore it. It needs no statute to affirm this duty. It is self-evident."

There are two lines of authorities concerning the right of retainer or set-off with respect to real property. The cases are collected in the annotation following the case of Wilson v. Channell, 102 Kan. 793, 175 P. 95, 1 A. L. R. 987, at page 1017. However, we need not and do not decide in this case what would be the rights and remedies of the administrator if the land had not been sold.

The proceeds of the sale of the real estate in a suit in partition brought by appellee against appellant were turned over to the administrator by agreement between these parties. Thereby appellant voluntarily placed this money in the power of the law, consented to the conversion, and waived any right to have the same treated as real estate.

"The heir in the present case brought himself within the jurisdiction of the orphans' court, whether compelled to do so or not, and therefore the rights of his creditors are dependent upon his rights, as was said in the last cited cases. As both the per-

sonal and real estate funds are in the hands of the administrator in this case, and in court for distribution, it would be an anomaly if the court could permit the administrator to deduct the son's indebtedness to his father from his share in the personalty only, and not from his share in the realty." Hartman's Estate, 12 Pa. Super. Ct. 69.

It is the duty of the administrator to collect debts due the estate from all debtors, including heirs, and the administrator is at least entitled to avail himself of all the rights and remedies of any other person and to retain sufficient of the distributee's share of the funds in his hands to pay the debt due by such distributee to the decedent's estate. Fiscus v. Moore, 121 Ind. 547, 23 N. E. 362, 7 L. R. A. 235.

█ It is contended that the claim based on the $1,500 note is barred by the statute of limitation. Our statute does not discharge the debt. It merely bars the remedy. Baca v. Chavez, 32 N. M. 210, 252 P. 987.

The right to retain the debt of an heir from his distributive share is not affected by the lapse of time, and the deduction of the debt should be made although an action to recover the same would be barred by the statute of limitation. Wilson v. Channell, 102 Kan. 793, 175 P. 95, 1 A. L. R. 987, and cases cited in note page 1007. The same rule prevails in Iowa where the note was made. Woods v. Knotts, 196 Iowa, 544, 194 N. W. 953, 30 A. L. R. 768.

█ Appellant contends that the order of the probate court of December 8, 1923, was directory only, and was not intended to be an adjudication of any indebtedness of the appellant to the estate; that it was beyond the power of the probate court to adjudicate the existence of a debt alleged to be due from appellant to his ancestor, especially at that time and under the issues raised by the petition and order to show cause.

It was formerly the practice in most of the states in this country for the administrator to reduce to judgment in a court of common-law or equity jurisdiction the claim of an estate of decedent against an heir before the presentation of his final report. The tendency seems to be to

enlarge the jurisdiction of probate courts. Massachusetts, R. L. c. 141, § 23, provides that a debt due to the estate of a deceased person from a legatee or distributee of such estate shall be set-off against and deducted from the legacy to such legatee or from the distributive share of such distributee, and the probate court shall hear and determine the validity and amount of any such debt and may make all necessary or proper decrees and orders to affect such set-off or deduction.

"Except for this new mode of collection of a debt, thus secured to the executors by proceedings in the probate court, this enactment is in accordance with the previous practise and the law in Massachusetts." Tilton v. Tilton, 196 Mass. 562, 82 N. E. 704.

By statute enacted in 1910 in New York, like jurisdiction was conferred upon the Surrogate Court. In re Spaulding's Estate, 112 Misc. Rep. 317, 183 N. Y. S. 144. There is no statute in New Mexico expressly conferring like jurisdiction upon the probate court. Section 34—412, 1929 Comp., which gives the probate court jurisdiction of the settlement of administrators' accounts, was reviewed in First National Bank v. Dunbar, 32 N. M. 419, 258 P. 817. Section 47—305, 1929 Comp., was in force at the time the order of December 8, 1923, was made by the probate court. It provides:

"If all the charges and claims shall have been satisfied upon the first distribution of the assets, or as soon thereafter as they may be, the court or judge thereof shall direct the payment of legacies and the distribution of the remaining proceeds of the personal property among the heirs or other persons entitled thereto."

In this state real estate of one dying intestate passes directly to the heirs, subject to the right of the administrator, by a proceeding in the district court, to convert it into money for particular purposes. The title to the personal property passes to the administrator. Smith v. Steen, 20 N. M. 436, 150 P. 927.

We have no statute authorizing the sale of land in order that the estate may be more equitably divided.

It has been held in several jurisdictions that, where the probate court had jurisdiction of the settlement of final accounts of administrators and the distribution of estates,

the court could exercise the powers prescribed by statute and such incidental powers as are requisite to the exercising of the powers expressly given, and, where the property was under the control of the court in course of distribution, the court could determine questions concerning any debt, legacy, or distributive share, and the sum to be paid to each person interested. In re Robinson, 42 Misc. Rep. 169, 85 N. Y. S. 1087; Esmond v. Esmond, 154 Ill. App. 357; Nelson, Executor, v. Murfee, 69 Ala. 598; Lester v. Toole, 20 Ga. App. 381, 93 S. E. 55; Hartman's Estate, 12 Pa. Super. Ct. 69; Lietman's Estate v. Lietman, 149 Mo. 112, 50 S. W. 307, 308, 73 Am. St. Rep. 374; Stenson v. Halvorson, 28 N. D. 151, 147 N. W. 800, L. R. A. 1915A, 1179, Ann. Cas. 1916D, 1289; Holden v. Spier, 65 Kan. 412, 70 P. 348.

Lietman's Estate v. Lietman, supra, holds that, under the constitutional provision and statute passed in pursuance thereto, giving the probate court jurisdiction "over all matters pertaining to probate business," on the final settlement and order for distribution, the probate court had jurisdiction to try and determine the indebtedness of a legatee to decedent's estate, and sustained the contention of the executor that the legacy should be credited on the indebtedness of the legatee, which indebtedness exceeded the amount of the legacy. The court quotes Springer's Appeal, 29 Pa. 208, to the effect that the orphan's court is held to have power to deduct the debt from the legacy but not to enter judgment against the legatee for the excess of the debt over the legacy.

Holden v. Spier, 65 Kan. 412, 70 P. 348, 349 under a similar statute, followed the Missouri case and held that the probate court had jurisdiction, on application of the administrator, to determine how much of an heir's share remained to be paid and as an incident to decide the extent of his indebtedness to the estate, and the court added:

"It is to be noted that a judgment for the amount of the indebtedness against him was not asked, but it was ,rather, to determine what amount of the fund should be paid to him."

The order of the probate court, filed December 8, 1923, was made less than a year after the death of the decedent

on the petition of another heir in the nature of a petition for the listing of omitted assets. Barka v. Hopewell, 29 N. M. 166, 219 P. 799. The only property in the hands of the administrator or under the control of the probate court at that time consisted of the personal estate, which amounted to about $2,000 after the payment of debts and cost of the administration. The suit in partition for the sale of real estate had not been commenced; $2,757.57 was realized from the sale of this land, and later, by agreement between the appellee and the appellant, this sum was turned over to the administrator.

Where the jurisdiction of the probate court over the debt of an heir to his ancestor is incidental to the settlement of an administrator's account or the distribution of the estate, it is limited to property under the control of the probate court in course of distribution and from which the indebtedness of the distributee is to be deducted, or against which it is to be set off.

Appellee cited no case, and we have found none, where the probate court's jurisdiction over the indebtedness of an heir to his ancestor's estate extended beyond the distribution of the funds under the probate court's control at the time of the making of the order.

The parties by consent cannot confer jurisdiction over the subject-matter. Arnegaard v. Arnegaard, 7 N. D. 475, 75 N. W. 797, 41 L. R. A. 258; In re Struble's Estate, 87 N. J. Eq. 311, 101 A. 177.

The title to this claim against the heir was in the administrator. Smith v. Steen, supra.

In Tobias v. Richardson, 26 Ohio Cir. Ct. R. 81, a suit in partition of land between heirs of part of estate of decedent, where some of the heirs in a cross-petition set up notes of the other heirs given to decedent, it is said:

"But the causes of action, or the claims made by the cross-petitioners, cannot be well founded upon either of these notes as such. The notes are personal property, assets of the estate, and the title to them is in the administrator and these cross-petitioners have no right to enforce them whether the causes of action thereon be barred or not."

The administrator was not a party litigant in the proceedings which resulted in the order of the probate court of December 8, 1923; one year had not elapsed since the appointment of the administrator at that time; hence the administration was not in condition to be closed or the residue of the estate distributed. Appellant's share of the property under the control of the probate court at that time would have liquidated little more than half of the sum which the court ordered the administrator to collect from him.

We are constrained to hold that the order of the probate court of December 8, 1923, was not an adjudication of the indebtedness of appellant to the estate, but directory only.

█ The administration was removed to the district court under section 34—422, 1929 Comp., which follows:

"That any person interested in the administration of any estate, the inventory of which shall disclose assets belonging to said estate exceeding the sum of two thousand dollars, may at any time in the course of the proceeding in the probate court appeal the administration of the estate to the district court by filing a verified petition in the district court alleging that controversies and disputes will arise concerning the rights of persons interested in the administration of said estate or in the distribution of the assets thereof, which will cause said administration to be appealed from the probate court, and that said appeal is prayed to avoid expense and delay and in aid of a speedy settlement and adjudication of said estate and the rights of the persons interested therein."

█ Appellant demanded a trial by jury on the issue of his indebtedness on the note, and a hearing in a court of equity on the other item of his alleged indebtedness to the estate. As this case must be remanded, it is deemed advisable to decide these questions. It becomes necessary to determine the jurisdiction of the district court in causes removed from the probate court under this statute.

In 15 C. J. "Courts," p. 815, it is said:

"Where jurisdiction over a new subject is conferred on a court of general jurisdiction, the jurisdiction conferred is to be exercised by it as such a court, with the powers incident to its general jurisdiction so far as applicable to the new subject, and not as a tribunal of inferior jurisdiction created by statute, or by its justices as commissioners appointed by the legislature, unless a contrary intention clearly appears in the statute conferring the jurisdiction."

In State v. Superior Court, 108 Wash. 636, 185 P. 628, 630, the court, in discussing a transfer of a cause under a statute, said:

"The statute grants the power, but is silent as to the manner of exercising the power. Since, however, the power is granted, it was the intent of the law-making body that it should be exercised. The rule is that when a general power is given, but the mode of its exercise is not prescribed, the procedure is to be regulated by the court in the exercise of its sound discretion."

In Re Reiser's Estate, 57 Utah, 434, 195 P. 317, 320, the court said:

"There seems to be no reason, under our Constitution and laws, why a district court in a probate proceeding may not when necessary to a due administration of an estate exercise powers which ordinarily pertain to equity jurisdiction so that the business may proceed without interruption or unnecessary delay."

The chancery powers of the district court may be exercised in a probate proceeding removed under this statute when the pleading warrants the exercise of such powers. The pleadings may be amended or reformed after the removal of the cause to the district court.

5. Appellant, in support of his theory of right of trial by jury, quotes from the dissenting opinion in Clancey v. Clancey, 7 N. M. 405, reported in 38 P. 168, 169, as follows:

"In Lewis v. Baca (5 N. M. 289) 21 P. 343, this court, by a unanimous opinion, held that where a claim of the nature we are here considering comes on appeal to the district court, to be tried de novo, it is tried as an action at law. * * *"

The opinion of the court is reported in 7 N. M. 405, 37 P. 1105. The court held:

"While a simple action in assumpsit, brought against the estate of a deceased person, may be maintained in the district court, yet the general administration of an estate in the probate court is in the nature of a proceeding in equity, and an appeal from such court, allowing or disallowing a claim, is an appeal to the district court sitting as a court of equity. * * *"

It may be observed that under the provisions of section 29, c. 90, Laws 1889, section 47—506, 1929 Comp., after the rejection of his claim by the probate court the claimant may "bring his action therefor * * * in the district court" instead of appealing to the district court. In the

former case he would have to commence his action by filing a complaint, and the proceedings thereafter would be governed by the Code of Civil Procedure, including the right to demand a jury in a case properly triable by jury; While, if he appealed, the district court would hear the appeal "sitting as a court of equity."

This was the state of the law as to trial by jury in probate matters when the Constitution was adopted, which provides: Section 12, art. 2.

"The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate."

In Young v. Vail, 29 N. M. 324, 222 P. 912, 916, 34 A. L. R. 980, this court, in an opinion by Justice Botts, said:

" 'As it has heretofore existed,' of course, refers to the right as it existed in the territory of New Mexico at the time immediately preceding the adoption of the Constitution."

Similar provisions in other State Constitutions have received like construction. Estate of Dolbeer, 153 Cal. 652, 96 P. 266, 15 Ann. Cas. 207, and note.

Syllabus.

"A jury trial in a Surrogate's Court being a modern procedure that was not known at the time of the adoption of the Constitution, is not within its protection."

In re Price's Will, 204 App. Div. 252, 197 N. Y. S. 778, affirmed 236 N. Y. 656, 142 N. E. 323.

In 21 Standard Encyc. of Proc. article on "Probate Courts," page 660, it is said:

"*Right of Trial by Jury.*—There is no constitutional right of a trial by jury in probate matters, and the right exists only where it is expressly conferred by statute, which sometimes provides for jury trials on demand in certain cases such as will contests, and petitions to revoke the probate of will. But even in the absence of statute granting the right, the court in its discretion, may order a jury to pass upon the questions of fact in the case. The right being thus discretionary, it is likewise within the court's discretion whether it shall accept and adopt the findings of the jury."

This seems to be the general rule. Fuller v. Sylvia, 240 Mass. 49, 133 N. E. 384, 385; Watson v. Watson, 93

Wash. 512, 161 P. 375; Cole v. Drum, 109 Kan. 148, 197 P. 1105; Sebree v. Sebree et al., 293 Ill. 228, 127 N. E. 392; In re Dorn's Estate, 69 Cal. App. 416, 231 P. 346; Stratton v. Rice, 66 Colo. 407, 181 P. 529.

In the case of Fuller v. Sylvia, supra, the court said:

"It is too well settled for discussion that trial by jury upon issues arising in the ordinary course of probate courts under our system of division of judicial powers is not matter of right. Trial by jury in such cases 'rests in the usages and discretion of the court'."

In Doubet et al. v. Doubet et al., 196 Ill. App. 289, an appeal from an order deducting the debt of an heir to the estate from his distributive share, the court said:

"It was the duty of the Probate Court in the first instance, and of the Circuit Court on appeal to, without a jury, determine whether there should be a deduction from appellant's distributive share of the estate."

The right of the administrator to retain sufficient of the distributive share of an heir to discharge his debt to the estate is of an equitable character. Likewise, in order to establish a right to an interest in an estate as distributee, the proceeding must necessarily be an equitable one.

We therefore hold that the district court has jurisdiction in this cause to adjudicate all questions raised, and that appellant is not entitled to a trial by jury, as a matter of right.

The court properly sustained the motion to strike that part of appellant's answer relating to the Iowa court proceeding.

The law is well settled that an administrator in one jurisdiction is not in privity with an administrator of the same estate in another jurisdiction. Braithwaite v. Harvey, 14 Mont. 208, 36 P. 38, 27 L. R. A. 101, 43 Am. St. Rep. 625; Ingersoll v. Coram (C. C.) 127 F. 418; Hutton v. Hutton, 40 N. J. Eq. 461, 2 A. 280; section 496, Freeman on Judgments (5th Ed.).

The district court erred in sustaining the demurrer of appellee to the remainder of appellant's answer to the exceptions of appellee to the final report of the administrator

and in holding the question of appellant's indebtedness to the estate res adjudicata.

It follows that the decree of the district court is erroneous and should be reversed, and the cause remanded, with directions to overrule the demurrer and for further proceedings in conformity with this opinion. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SADLER, JJ., did not participate.