129 P.2d 646

**McCANN et al. v. McCANN.**

**No. 4590.**

Supreme Court of New Mexico.

Sept. 22, 1942.

O. O. Askren, of Roswell, for appellants.

Stagner & Reese, of Carlsbad, for appellee.

MABRY, Justice.

This appeal is from a judgment in a cause originating in the Probate Court, but forthwith removed to the District Court of Eddy county, adjudicating appellee to be the sole surviving heir at law of one John D. McCann and denying the claims of appellants, brothers and sisters of the deceased, as heirs, construing a contract between the parties and quieting title in defendant-appellee.

Shortly before the death of John D. McCann he and appellee had separated and were no longer living together as husband and wife. They had entered into a written contract settling their respective property rights; and at the time of the death of the husband a divorce suit was pending between them. The agreement provides for a full settlement of the property rights of the parties thereto, recites that there exists a controversy as to whether much of the property involved in the settlement is or is not community property, and to what extent each of the parties may have an interest therein. It closes with the following paragraph, which is the pertinent part upon which appellants rely to defeat the claim of appellee:

"Second party agrees to accept the said sum of $2300.00 in cash and a note as provided in this contract in full settlement of any and all rights which she may have in the above described property and all property of whatever kind and character accumulated by the parties hereto during their married life and in lieu of any claim which she may have against the first party for alimony or separate maintenance or for any other cause whatever."

Appellants claim that the property settlement was in effect a waiver or estoppel on the part of appellee to claim any part of the estate of the husband and a relinquishment by her of any right she would otherwise have to inherit. They admit that there is grave doubt of the sufficiency of the language in the agreement itself to show an intention to waive her right to inherit, in view of this court's holding in Girard v. Girard, 29 N.M. 189, 221 P. 801, 35 A.L.R. 1493; but, they say, the record discloses "facts and circumstances" which, taken with the agreement itself meet the objection pointed out in the Girard case. In that case we held that unless in the property settlement it appears by express terms or by necessary implication that she waives, releases or renounces her right to inherit, the surviving wife may enforce such right.

Appellants contend that appellee has no right to inherit from deceased (a) she contracted away such right; and (b) "because of facts in the case" which should, in any event, deny to her the right to take such heir.

Appellee filed her application for letters of administration in the Probate Court on the theory that as the widow of the deceased she was his sole heir. Appellants filed in the cause a pleading entitled "Application to Determine Heirship". They thus entered the Probate Court proceedings and attempted to show that appellee had contracted away her rights prior to the death of deceased and thus was not entitled to the property. Issue was joined by answer of the appellee in which she claimed to be the sole heir and entitled to inherit the property. The case was immediately removed to the District Court under the provisions of § 34-422, N.M.Stat.Ann. Comp.1929, and there the question was litigated resulting in the decree in question.

Upon the threshold of a consideration of this case, we are confronted with the question of jurisdiction of the District Court in the premises. The parties heretofore briefed and submitted the case with jurisdiction being assumed. The point was first noticed and raised by this court, and, upon request, the parties filed additional briefs. These were both exhaustive and able. The query propounded by the court and thereafter briefed by counsel was, in substance, whether the Probate Court—or the District Court upon removal—has jurisdiction to determine a dispute (a) where title to real estate may be directly or indirectly involved, and (b) whether there be jurisdiction under the circumstances, to

adjudicate heirship when the determination of heirship is only an incidental feature of the case and when the primary object of the suit is to construe the contract in question.

The decree entered not only adjudicated the rights of the parties under the contract referred to and determined heirship in pursuance of such adjudication, but it purported also to quiet title in defendant-appellee. Art. VI, § 23, provides that Probate Courts shall have no jurisdiction in any matter in which title to real estate or the boundaries of land may be in dispute or drawn in question.

It is suggested that an attempt on the part of the Probate Court to determine heirship to an estate wherein some or all of such estate might consist of real property would be violative of this constitutional provision, and we are now asked to say whether this would be true. But, in view of the disposition we propose to make of the case such question need not be decided. We have here a much narrower question.

■ Appellee would meet the challenge to the jurisdiction of the Probate Court with the argument that, after all, the District Court upon removal could, as it did, properly adjudicate all issues submitted as shown by the pleadings and the decree. It is also pointed out that it was the appellants who invoked the court's jurisdiction to determine heirship and urges the inappropriateness of permitting them now to question, as they do in their later briefs, the character of the adjudication or the

jurisdiction to make it; but this point is not well taken. Jurisdiction cannot be conferred by consent. Davidson et al. v. Enfield, 35 N.M. 580, 3 P.2d 979.

Under the provisions of § 34-412, N.M. Stat.Ann.Comp.1929, Probate Courts are given the "exclusive original jurisdiction" in all matters of probate. Chapter 104 of the Laws of 1941, which conferred upon the District Courts concurrent jurisdiction, is not before us.

■ We have held that District Courts upon appeals, exercise only such jurisdiction as the lower tribunal possessed. See Valencia Water Co. v. Neilson, 27 N.M. 29, 192 P. 510; Geren & Hamond v. Lawson, 25 N.M. 415, 184 P. 216; Pointer v. Lewis, 25 N.M. 260, 181 P. 428; Wood Garage v. Jasper, 41 N.M. 289, 67 P.2d 1000, 115 A.L.R. 496. See, also, Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979, wherein it is pointed out that upon appeal the District Court and this court may exercise only such jurisdiction as is possessed by the Commissioner of Public Lands in contest proceedings before such Commissioner. The foregoing cases, although not dealing with the jurisdiction of the District Court upon appeal from Probate Courts, are, nevertheless, helpful in showing our appraisal of the question of jurisdiction upon appeals from lower tribunals.

■ It is not disputed that, under governing constitutional and statutory provisions the courts of many states have taken a more liberal view in determining the powers which courts of probate may exer-

cise. And, it may be true, as was pointed out in the somewhat recent Kansas case of In re Noble's Estate, 141 Kan. 432, 41 P.2d 1021, 1024, 97 A.L.R. 463, that "The modern tendency is to extend the jurisdiction of the probate court in respect to matters incidental and collateral to exercise of its recognized powers," but we hold that our constitution and the statute under which this action arises do not confer the jurisdiction thus contended for.

It is suggested that we have held to the contrary in the more recent case of Sheley v. Shafer, 35 N.M. 358, 298 P. 942; but we think not. Whatever was said by us in the Sheley case, that could favor such interpretation, was no more than dictum. The syllabus is somewhat misleading. We find nothing in the holding there inconsistent with the rule as laid down in the numerous cases above mentioned, which is in line, we believe, with the rule generally followed elsewhere under statutes like our own. The following cases from other jurisdictions hold, generally, that jurisdiction of District Courts or other courts of general jurisdiction, in probate matters are limited to the jurisdiction enjoyed by the Probate court. Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657; Howard v. Swift et al., 356 Ill. 80, 190 N.E. 102; Weeks v. De Young, Tex.Civ.App., 290 S.W. 852; Perry v. Smith, 132 Okl. 181, 269 P. 1074. We are aware, however, that there is authority to the contrary.

Even though the language in the decree following the adjudication of heirship which undertook to quiet title in appellee, might be stricken as surplusage, as has been suggested, since none of the pleadings indicated that such was the real purpose of the suit, we are still faced with the proposition that this was, primarily, a suit to adjudicate ownership of property, and the question turned squarely upon an interpretation of the property settlement contract above referred to. It is undisputed that appellee, the widow, became sole heir and was entitled to take the property, unless the contract would defeat her claim. The Probate Court had no jurisdiction to adjudicate such contract and determine rights thereunder even though it was under the ill-disguised claim of being incidental only to a determination of heirship.

The court below being without jurisdiction to enter the decree in question, the cause is reversed with instructions to set aside the judgment and decree and to permit the parties to proceed hereafter as they may elect and in a manner not inconsistent with this opinion, and it is so ordered.

BRICE, C. J., and SADLER, J., concur.

ZINN, J., did not participate.

BICKLEY, Justice (dissenting).

Under the provisions of section 2, Chapter 91, Laws 1933, the Probate Court or the District Court having jurisdiction, may determine the ownership of a decedent's estate and "the interest of each respective claimant thereto or therein".

I think this power is broad enough to enable the Probate Court to determine the question of whether the interest in an estate of one who is admitted to be the sole heir at law has been assigned, alienated, released or surrendered.

The District Court under the Act has the same statutory authority by virtue of the provisions of § 34-422 et. seq., Comp.1929.

Furthermore, when the District Court got jurisdiction of the administration of the estate, it had not only the jurisdiction to determine the ownership of the estate and "the interest of each respective claimant thereto or therein", but since by the provisions of § 34-422 et seq., Comp.1929, jurisdiction over a new subject-matter was conferred on the District Court, a court of general jurisdiction, this new jurisdiction over the administration of estates so conferred is to be exercised by it as such a court, with the powers incident to its general jurisdiction so far as applicable to the new subject, and not as a tribunal of inferior jurisdiction. See Sheley v. Shafer, 35 N.M. 358, 298 P. 942, followed in Re McMillan's Estate, 38 N.M. 347, 33 P.2d 369; Thelan v. Vogel, 86 Mont. 33, 281 P. 753; In re Baxter's Estate, 101 Mont. 504, 54 P.2d 869; In re Nielsen's Estate, 198 Wash. 124, 87 P.2d 298; In re Hoermann's Estate, 108 Mont. 386, 91 P.2d 394; In re Krause's Estate, 173 Wash. 1, 21 P.2d 268.

In 54 C.J. Removal of Causes, § 314, it is said: "The fact that, after the removal of a cause which was within the jurisdiction of the state court, defendant interposes a defense of which such state court could not have taken cognizance does not prevent the retention of the cause by the federal court."

In support of this text is cited Lehigh Valley R. Co. v. Rainey, C.C., 99 F. 596, which case is also cited in Foster on Federal Procedure and Moon on Removal of Causes. I have not found that the decision has been criticized.

In Brown's Estate v. Stair, 25 Colo.App. 140, 136 P. 1003, the court decided: "Where defendant, in an action to establish a claim against an estate, entered upon trial in the district court on appeal without objecting to that court's jurisdiction on the ground that the probate court did not have jurisdiction to try the issue involved, which was the existence of a constructive trust, the objection to the district court's jurisdiction was waived."

The court said: "If such cause of action upon a resulting trust had been disclosed by the evidence, we think appellant waived the question of jurisdiction of the district court to try it by failing to make the proper objections until after the cause had been tried upon its merits. The district court has original jurisdiction of the subject-matter of trusts and partnerships, and to try all the issues that are alleged by counsel for appellant to be involved. By the appeal, it acquired jurisdiction of the persons, and by entering upon the trial without objection predicated upon the jurisdiction

of the probate court to try the issues that objection should be regarded as waived."

So, in the case at bar, the parties having tried the issues involved in the district court, without objecting to that court's jurisdiction on the ground that the probate court did not have jurisdiction to try the issue, or upon any other ground, the appellant should not be allowed to here question the District Court's jurisdiction for the first time.

From all of the foregoing, it is my conclusion that the decree of the District Court being valid as to the parties before the court, should be affirmed, except that part thereof which undertakes to quiet title or interest in or to the estate against all unknown heirs of said decedent and all unknown persons claiming any lien upon or right, title or interest in or to the estate of said decedent.

Therefore I dissent.