This is an appeal from a judgment of the district court in a probate proceeding, instituted originally in the probate court of Quay County, and thereafter removed to the district court as provided by § 16-412 et seq. N.M. Sts. 1941.
The appellee filed her petition in the probate court praying for the probate of the last will and testament of J.B. Porter, deceased, and for the issuance to her of ancillary letters testamentary. Appellee is the widow, and appellants are daughters of the deceased.
The will was originally admitted to probate in a proceeding in the County Court of Briscoe County, Texas; and certified copies of the will and those proceedings in which petitioner was appointed executrix of the will, were attached as exhibits to her petition. Thereafter an order was entered in the probate court admitting said will to probate and ancillary letters were duly issued to appellee. An inventory was filed, from which it appears that the deceased had owned real estate, but no personal property, in New Mexico. The estate owed no debts.
The executrix made her final report in which the real property in New Mexico owned by deceased in his lifetime was described, and praying that said property "be distributed and adjudicated
in accordance with the will of decedent."
Thereafter an order was entered fixing the time and place for hearing objections to the executrix' final report "and for the determination and distribution of said estate, and of the interest of each respective claimant thereto and therein, and the persons entitled to distribution thereof."
Appellants filed objections to appellee's report, and upon hearing thereof the probate court entered its "final order," approving said report. It was determined and found that the appellee as widow of deceased was entitled to all of said real estate "during her natural life". No finding was made as to the reversionary interest. After the entry of this order the proceeding was removed to the district court of Quay County.
In the district court certain pleadings in the nature of bills of particulars were filed, the effect of which was to call in question the title to a portion of said real estate. The appellants claimed certain tracts of land by virtue of deeds made by the appellee and her deceased husband *Page 124 
during the latter's lifetime, and the appellee asserted title thereto as residuary devisee under the will that was probated in this proceeding. This was the sole question tried in the district court. It was there determined that the deeds in question were never delivered by the grantors and therefore they were ineffective to convey title; that the appellee was the owner of said real estate by virtue of being the residuary devisee under the will. In other words, the district court sitting in probate matters, undertook to exercise general civil jurisdiction by trying the question of the execution and delivery by testator during his lifetime of certain deeds under which the appellants claimed. This was an attempted exercise of a jurisdiction not possessed by it. Fraser v. Ward,47 N.M. 55, 134 P.2d 539; McCann v. McCann, 46 N.M. 406,129 P.2d 646, 648. The appellee's right to take the real estate in question as sole residuary devisee under the will was unquestioned except as it might be defeated through prior conveyances made by testator during his lifetime. The trial of the question whether such conveyances had taken place and had been consummated by delivery of such deeds, was the exercise of general civil jurisdiction. Fraser v. Ward and McCann v. McCann, supra.
Whether or not a decree of the probate court, or that of a district court exercising probate jurisdiction, by determining heirship, etc., as provided by § 33-1212, N.M. Comp. 1941, may effect the devolution of title to real property, is a question not decided.
It may be well at this time to clarify a statement concerning Const., Art. VI, § 23, made in our opinion in McCann v. McCann, supra. We there said: "Art. VI, § 23, provides that Probate Courts shall have no jurisdiction in any matter in which title to real estate or the boundaries of land may be in dispute or drawn in question."
This section of Article VI, so far as material to what we now say, reads: "A probate court is hereby established for each county, which shall be a court of record, and, until otherwise provided by law, shall have the same jurisdiction as is now exercised by the probate courts of the territory of New Mexico. The legislature shall have power from time to time to confer upon the probate court in any county in this state, general civil jurisdiction coextensive with the county; provided, however, that such court shall not have jurisdiction in civil causes in which the matter in controversy shall exceed in value one thousand dollars, exclusive of interest; * * * nor in any matter wherein the title or boundaries of land may be in dispute or drawn in question; * * *."
In saying what we did in the McCann case as quoted above, there was no intention to indicate a view, the one way or the other, on the question whether the limitation on jurisdiction wherein title or boundaries are involved, was confined only to future action of the legislature in conferring general civil jurisdiction on probate courts; or, whether it operated as well on the continuing territorial jurisdiction conferred on probate courts by the same action. *Page 125 
Since the district court, sitting in matters of probate, exercised a general civil jurisdiction which it does not possess, it follows that the judgment should be reversed and the cause remanded with instructions to the district court to set aside its judgment and for further proceedings not inconsistent with the views herein expressed.
It is so ordered.
SADLER and MABRY, JJ., concur.