201 P.2d 1015

**MEDINA v. MEDINA.**

No. 4632.

Supreme Court of New Mexico.

Aug. 16, 1948.

Charles B. Barker, of Santa Fe, for appellant.

No appearance for appellee.

## McGHEE, Justice.

The question for determination in this case is whether an administrator is entitled to an order directing a devisee to deliver to him the keys to El Santo Nino Church (a private chapel).

The administrator secured such an order from the District Court following the removal of the case from the Probate Court where a like order had been entered.

In Dunham v. Stitzberg, 201 P.2d 1000, we held that a probate court in this state has no jurisdiction of realty, and that the administrator does not take it into possession unless there is no heir or devisee present to care for it and collect the rentals. The appellant in this case is in actual possession of the real property and the key to the building.

We have not been favored with a brief or argument on behalf of the appellee, but in view of our holding in Dunham

v. Stitzberg, supra, he is not entitled to possession of the key unless it be a chattel. Standing by itself, a key is no doubt a chattel and the administrator would be entitled to its possession along with the other personalty belonging to an estate. It is also true that as a general rule chattels which are not annexed to the realty do not pass by a conveyance of the realty, but such articles as doors, keys, locks and windows of a house which are said to be constructively annexed constitute marked exceptions to the general rule. 1 Thompson on Real Property, Sec. 231. In Sec. 172 the same author states:

"Chattels may become a part of the realty by constructive annexation. Thus, the keys, doors, windows, and the like, of a house, although they are in one sense distinct things, yet are part of the freehold, and, accordingly, they go to the heir as part of the inheritance, and pass by a conveyance or devise of the realty."

We approve the rule just quoted and hold, therefore, that the key to the Church building is constructively annexed to the realty and is a part thereof. The administrator is not entitled to its possession.

The judgment appealed from also directed the appellant to turn over to the administrator any "other personal property" belonging to the estate which he had in his possession, but it is silent as to just what such property may be. If the appel-

lant has in his possession any personalty except the key, he will, of course, be required to comply with that part of the judgment.

So much of the judgment as required the appellant to turn the key to the Church over to the administrator is reversed, and the cause remanded for further proceedings in accordance with this opinion, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.