230 P.2d 976

## HUMPHRIES v. LE BRETON.
### No. 5268.

Supreme Court of New Mexico.

April 9, 1951.

Rehearing Denied May 21, 1951.

Frank O. Westerfield, Albuquerque, for appellant.

Richard C. Losh, Robert H. LaFollette, Albuquerque, for appellee.

SADLER, Justice.

This is an appeal from a judgment entered by the district court of Bernalillo County quieting title to certain real estate in the city of Albuquerque in the plaintiff-appellee against the defendants named in his complaint. One of them, Mamie Le Breton, as sole appellant, prosecutes this appeal for the revision and correction of the judgment so entered by reason of certain errors claimed to have been committed at the trial. Since the facts are well stated in the trial judge's findings and his view of them in the conclusions of law he deduced therefrom, they are set out in full, as follows:

"Findings.

"1. At the time of his death on June 18, 1948, William R. Howard owned the real property located at 118 South Yale Avenue, Albuquerque, New Mexico, which is also known as Lot 10, in Block 1, of the University Heights, an addition to the City of Albuquerque, New Mexico, as the same is shown and designated on the map of said addition filed in the office of the Probate Clerk and Ex-officio Recorder of Bernalillo County, New Mexico, on February 7, 1916.

"2. Plaintiff's Exhibit 1 is a true copy of the Last Will and Testament of William R. Howard, the original being on file in the office of the County Clerk of Bernalillo County.

"3. At the time of his death, William R. Howard left surviving him as his sole and only heirs at law, and as his sole and only legatees and devisees, the following persons: Mamie Le Breton, who was his sister and is one of the defendants and counter-complainants in this action; William Le Breton, who was his nephew and is one of the defendants and counter-complainants in this action; A. T. Howard, who was his brother; Mack Wade Humphries, who was not related to him and who is the plaintiff in this action; and Fay Benton, who was not related to him.

"4. The Last Will and Testament of William R. Howard was duly admitted to probate in Bernalillo County by the Probate Court and his estate has been duly probated and closed.

"5. The Will was not contested in the probate proceedings and no appeal was taken, and its validity has not been questioned in this case.

"6. In the probate proceedings, a substantial amount of personal property was divided among Mamie Le Breton, William Le Breton, Fay Benton and Mack Wade Humphries, as provided in the Will, but as to the real property, the probate court properly found that it had no jurisdiction 'to determine ownership of the real estate nor the interest of any claimant therein, nor determine the person entitled to said real estate nor the title to the same.'

"7. Item III of said Last Will and Testament provides as follows: 'Item III. I give and devise to Mack Wade Humphries my real estate located at 118 South Yale Avenue, Albuquerque, Bernalillo County, and State of New Mexico, to be delivered to him at the completion of the probating of this will, together with five (5) One Thousand Dollar California Edison Bonds.' The real property referred to in Item III, and involved in this case, was the only real property in the estate.

"8. In this action Mack Wade Humphries seeks to quiet his title to said real estate, while Mamie Le Breton claims that she owns it and seeks to quiet her title to it. (A. T. Howard had previously conveyed any interest he might have in it to Mamie Le Breton.) William Le Breton claims no interest in said property.

"Conclusions.

"1. Plaintiff's Exhibit 1 is a true copy of the valid and only Last Will and Testament of William R. Howard, deceased.

"2. Under the terms of said Will, title to the real property in question, which is described above as being located at 118 South Yale Avenue, Albuquerque, New Mexico, descended directly to Mack

Wade Humphries, who was the devisee named in the Will to receive it, upon the death of the testator, William R. Howard, but as a result of the clause in the will that the property was 'to be delivered to him at the completion of the probating of this will,' Humphries did not become entitled to possession of the property until the probate proceedings were closed.

"3. That the defendants, Mamie Le Breton, and William Le Breton, individually or as Executor of the estate of William R. Howard, Deceased, have no interest in the real property in question.

"4. That the plaintiff is entitled to the relief prayed for in his complaint."

The first and principal error relied upon for reversal by defendant is his claim that the probate court of Bernalillo County did not have jurisdiction to admit to probate the will under which the plaintiff derives title to the real estate involved by reason of the very fact that title is so derived. Since we cannot conclude with certainty exactly the theory upon which counsel for defendant proceeds in attempting to prove probate courts in New Mexico lack jurisdiction to admit a will to probate where it directs disposition of real estate, we are going to give the theory in the language of his own brief, to-wit:

"Point I

"The Court made findings of facts 4, 5 and 6 as follows:

"4. 'The Last Will and Testament of William R. Howard was duly admitted to probate in Bernalillo County by the Probate Court and his estate has been duly probated and closed.'

"5. 'The Will was not contested in the probate proceedings and no appeal was taken, and its validity has not been questioned in this case.'

"6. 'In the probate proceedings, a substantial amount of personal property was divided among Mamie Le Breton, William Le Breton, Fay Benton and Mack Wade Humphries, as provided in the Will, but as to the real property, the probate court properly found that it had no jurisdiction "to determine ownership of the real estate nor the interest of any claimant therein, nor determine the person entitled to said real estate nor the title to the same." '

"All of said findings of facts are immaterial and do not add anything to this cause of action to quiet title in the plaintiff.

"The Probate Court did not have jurisdiction to admit to probate the last will and testament of William R. Howard, as said probate court did not have jurisdiction to determine title to real estate and ownership thereof.

"It would have been useless to contest the will in the Probate Court and take an appeal to the District Court and the Supreme Court of the State of New Mexico.

"The fact that in the probate proceedings a substantial amount of the personal property was divided as set forth in said probate proceedings or that the probate court found that it did not have jurisdiction to determine ownership of the real estate nor the interest of any claimant therein nor determine the person entitled to the real estate is not material.

"The District Court and the Supreme Court upon appeal would only have such jurisdiction as that conferred upon the probate court by the constitution of the State of New Mexico. Art. 6, Sec. 23, Constitution of the State of New Mexico; Durham v. Rasco, 30 N.M. 16, 227 P. 599, 34 A.L.R. 838; McCann v. McCann, 46 N.M. 406, 129 P.2d 646; In re Porter's Estate, 47 N.M. 122, 138 P.2d 260; Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000; Medina v. Medina, 53 N.M. 104, 201 P.2d 1015; Campbell v. Doherty, 53 N.M. 280, 206 P.2d 1145 at page 1151, 9 A.L.R. 2d 699.

"Point II

"The District Court of Bernalillo County and State of New Mexico does not have original probate jurisdiction and does not have jurisdiction over a will.

"This court referred to this question in the case of Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000, wherein this court did not deem it necessary to pass upon the question in that case.

"In New Mexico there is no procedure for transferring real property by a will, and real estate will go direct to the heirs at law. By Article 6, Section 13 of the Constitution of New Mexico, the District Court shall have original jurisdiction in all matters and causes not excepted in the constitution and such jurisdiction of special cases and proceedings as may be conferred by law. In the same article at Section 23, the probate court is established, which shall be a court of record, and until otherwise provided by law, shall have the same jurisdiction as was exercised by the probate court of the Territory of New Mexico. By reason of the provisions of Section 23 of Article 6 of the New Mexico Constitution, the District Court was deprived of probate jurisdiction and jurisdiction over wills.

"Under the terms and provisions of Article 6, Section 23, of the constitution, the legislature granted exclusive original jurisdiction in the probate court in matters pertaining to wills in Section 16–410 of the New Mexico Statutes, 1941, Annotated, and further exercising the right under the constitution, enacted Section 16–419 of the New Mexico Statutes, 1941, Annotated, wherein a provision is made if the estate exceeds the sum of Two Thousand Dollars ($2000.00), authorizing an appeal to the District Court from the probate court when controversies might develop. Section 16–312 of the New Mex-

ico Statutes, 1941, Annotated, grants to the District Court concurrent jurisdiction with the probate court is additional authority as to the construction of the Constitution and State Statutes.

"Under the provisions of the constitution and the acts of the legislature above referred to, Probate and District Courts are deprived of the jurisdiction over wills where the title to real estate is involved or drawn in question. Durham v. Rasco, 30 N.M. 16, 227 P. 599, 34 A.L.R. 838; Michael v. Bush, 26 N.M. 612, 195 P. 904; 21 C.J.S., Courts, page 730, § 486 and Note 95."

We think counsel has been led astray by misinterpreting the effect of our decision in Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000. If he can find in our decision in that case a holding, either expressly or by remote implication, that probate courts of New Mexico are without jurisdiction to admit a will to probate where it disposes of real estate, then we welcome this early opportunity to banish the thought. Indeed, the opinion in that case teems throughout with recognition of the doctrine that admission of wills to probate is a primary function of probate courts, both in territorial days and since statehood, without notice taken of whether the property disposed of be real or personal estate. Every decision of this court involving a will, from earliest territorial times to this day, is a repudiation of the

claim that probate courts lack the jurisdiction defendant challenges. We merely cite in bulk the digest of such cases in proof of this assertion. This claim of error is overruled.

The defendant next argues, but for determination only in the event we shall hold against him on claim of error just disposed of, that the plaintiff failed to make proper proof that he was owner of the fee simple title to the real estate, and did not prove due execution of the will under which the plaintiff claims the real estate. Counsel for the plaintiff suggests that in so far as any of the questions just mentioned may constitute an attack on the genuineness or validity of the will, the defendant is estopped by herself having accepted benefits under the will as a legatee in sharing distribution of the personal property disposed of by it.

We prefer not to resolve these questions on that ground. We have carefully considered each question and find there is no merit in any of them. The defendant not having contested the probate of the will in any manner authorized by law, its probate became final within six months and has the effect of a decree in chancery. 1941 Comp. § 32–220. Any objection based on the fact that a certified copy of the will, rather than the original will itself, was introduced in evidence is not open to defendant. She let it go in without objection, if subject to ob-

jection on that ground. When offered the court inquired of defendant's counsel if there was any objection and he responded: "No objection." It is too late to object now. Bishop v. Mace, 25 N.M. 411, 184 P. 215; Jones v. Green, 41 N.M. 46, 63 P.2d 1042.

A careful study of the record in the light of the errors claimed satisfies us the judgment sought to be reversed is correct and should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.