J. H. KYLE, Appellant, v. THOS. T. GAFF et al., Respondents.

**Kansas City Court of Appeals, February 15, 1904.**

1. **REAL ESTATE BROKER: Agency: Death of Principal.** Where the landowner dies the authority of the real estate broker to sell the land ceases.

2. ———: ———: **Knowledge of Principal: Agent's Notice.** The principal is only bound by such knowledge as an agent obtains in the scope of his employment; and where a real estate broker's action in attempting to sell the land became known to a special agent of the landowner notice can not be imputed to the latter.

3. ———: ———: **Evidence: Ancestors: Heirs.** The mere fact that the broker of the ancestor after the death of the latter participated in the efforts to sell the land has no probative force to bind the heirs and render them liable to commission.

4. ———: ———: **Ancestors: Heirs.** Knowledge of the general agent of an ancestor that a real estate broker was continuing his efforts to sell the land after the owner's death can not bind the heirs.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*Peyton A. Parks* for appellant.

(1) When real property is placed in the hands of a broker for sale, he is entitled to his commission if he brings about a sale by his own exertions, or introduces a purchaser, or gives his name, whereby a sale is perfected with the principal. Wetmore v. Wagoner, 41 Mo. App. 509; Henderson v. Mace, 64 Mo. App. 393; Stinde v. Blesch, 42 Mo. App. 278. (2) It is a general rule of law that notice to an agent, during the existence of the agency, and in reference to business coming within the scope of the agent's authority, is notice to the principal. Rhinehart v. People's Bank, 89 Mo. App. 511; Smith v. Boyd, 162 Mo. 146; Bank v. Fry, 168 Mo. 492; Latimer v. Loan and Inv. Assn., 78 Mo. App. 463. (3) Knowledge of the facts by another agent, where the matter is within the scope of his agency, is sufficient. Mining Co. v. Rocky Mountain National Bank, 2 Col. 565. (4) Proof that a party subsequently ratified a prior unauthorized act of one assuming to be his agent, has the same effect as if the evidence established agency. "By ratifying the unauthorized act, the principal assumes and adopts it as his own." Mechem on Agency, sec. 167; McLachlin v. Barker, 64 Mo. App. 526.

*C. C. Dickinson* and *Lindsay & Hinkle* for respondents.

(1) Plaintiff was never at any time the agent of Rachael S. Gaff, or of these defendants. 1 Am. and Eng. Ency. of Law (2 Ed.), 949; Rosseau v. O'Brien, 4 Biss. (U. S.) 396; Stewart v. Bickering, 73 Iowa 652. (2) At all events, if any authority can be implied, or agency held to have been created by the letter of Parker to Kyle dated May 25, 1900, such authority terminated with the death of Rachael S. Gaff.

Bishop on Contracts (enlarged Ed.), secs. 1052 to 1056; 1 Am. and Eng. Ency. of Law (2 Ed.), 1222; Dick, Ex'r of Doughty, v. Page, 17 Mo. 23. "Agency can not be implied from a former employment in the same capacity without further proof." 1 Am. and Eng. Ency. of Law (1 Ed.), 342. (3) Whatever acts of plaintiff concerning the sale of the land, which were done after March 4, 1901, the date of the death of Rachael S. Gaff, were the acts of a volunteer. Painter v. Ritchey, 43 Mo. App. 111; Watkins, Admr'x, v. Richmond College, 41 Mo. 302. (4) Defendants can not be charged with notice, nor bound by the acts of Parker as the agent of Rachael S. Gaff prior to her death, nor are they chargeable with notice of what Chisman may have known concerning the efforts of plaintiff to sell the farm. Bank v. Fitze, 76 Mo. App. 356; Benton v. Bank, 122 Mo. 332; Anderson v. Volmer, 83 Mo. 403; Hayward v. Ins. Co., 52 Mo. 181; Richardson v. Palmer, 24 Mo. App. 480; Wheeler v. Terminal Co., 66 Mo. App. 260; Choteau v. Allen, 70 Mo. 290; Richardson v. Palmer, 24 Mo. App. 480; Smith v. Broyd, 162 Mo. 157. ·(5) Chisman, in endeavoring to find a purchaser for the land, and to earn a commission thereby, was acting in his own interest, and not as the agent of the defendants. The law does not presume that he would communicate facts that he would consider against his interest, and the law does not charge defendant with notice of such facts. Reinhard on Agency (1 Ed.), sec. 356; 23 Am. and Eng. Ency. of Law (2 Ed.), 889; 1 Am. and Eng. Ency. of Law (1 Ed.), 431.

BROADDUS, J.—Prior to her death, Rachael S. Gaff was the owner of a farm containing 660 acres in Henry county, Missouri, which she was desirous of selling. Mrs. Gaff did not transact business herself but always acted through her agent, James D. Parker, who

had power to act as fully as she could herself. Mrs. Gaff died on the 29th day of March, 1901; prior thereto by her agent she had placed the said land in the hands of plaintiff for sale. Upon her death the lands passed to defendants by will or descent. After her death said Parker became the agent of defendants with the same authority he had while agent of Mrs. Gaff. The plaintiff introduced evidence tending to show that after the death of Mrs. Gaff his agency to sell the land was renewed by Parker; that he procured a purchaser at defendants' price; that the defendants consummated the sale so made by him, accepting the purchaser and conveying the land; and that defendants had notice through one Chisman who had authority from Parker to sell; that he, plaintiff, had procured said purchaser. The evidence of defendants was contradictory to that of plaintiff except as to that part relating to notice to said Chisman that plaintiff had procured a purchaser for the land. Chisman was not introduced to either confirm or contradict that part of plaintiff's testimony. The respective parties have discussed the evidence in detail, but as there was a conflict in the particulars mentioned, which was a matter for the court to weigh and determine which was preponderated on the issue raised, it will only become necessary to pass upon the question of law presented for our consideration.

A jury was waived, the cause was tried by the court and finding and judgment were for the defendants.

The court tried the case on the theory that the authority of plaintiff to sell the land devised from Mrs. Gaff terminated upon her death. There can be no doubt that the court was right in so holding, as it is elementary law that the authority of the agent terminates upon the death of his principal, unless it be specified that such authority is to continue longer. The declarations of law given by the court are to the effect that after the death of Mrs. Gaff all authority of plaintiff under his

agency from her ceased and that in order for him to recover he must show that after her death such agency was continued by Parker in behalf of defendants; and that under such agency he procured the sale of the land in question. Or, that plaintiff must show that he procured the sale with the knowledge of defendants; or, that defendants knew at the time of the sale that plaintiff had procured the purchaser. The finding of the court was against plaintiff on each of these theories; which is conclusive upon him, except it be upon that relative to defendants having notice of plaintiff being the procuring cause of the sale made, of which there was no evidence save that which related to the knowledge of said Chisman as the agent of defendants.

Knowledge of an agent is not always to be attributed to the principal. If Chisman was an agent he was in no sense a general one. The defendants were only bound by such knowledge as he obtained within the scope of his employment. Hickman v. Green, 123 Mo. 165. It would not do to say that knowledge, obtained by Chisman that plaintiff, who had no authority as an agent (and it must be conceded he had none, for the court so found) was engaged in procuring purchasers, must be imputed to defendants. To do so would be in effect clothing him with the power of an agent with full authority over the whole business. The knowledge he obtained in the course of his own employment, and not with reference to what others were doing, alone can be imputed to his principal.

It follows therefore that plaintiff's participation in the sale of the land had no probative legal force, and the finding of the court that defendants had no notice of plaintiff's agency as the procuring cause of the sale was justified under the law governing the case.

And it also follows that the information that Parker had, while he was the agent of Mrs. Gaff, can not be imputed to defendants because he was not then their

agent. Anderson v. Volmer, 83 Mo. 403; Wheeler v. Stock Yards Co., 66 Mo. App. 260; Richardson v. Palmer, 24 Mo. App. 480.

It does not appear that there was any error whatever in the trial of the cause and it is therefore affirmed. All concur.