# WOODY SWEARINGEN, Admr. of the Estate of SIMEON H. WEST, Appellant, v. HARRY C. MOORE, Respondent.*

In the Kansas City Court of Appeals, December 3, 1923.

1. **BROKERS: Evidence: Letters Held Sufficient to Take Case to Jury on Question of Reasonable Value of Services Rendered.** In an action in which defendant filed a counterclaim to recover the reasonable value of services rendered deceased under an agreement to assist in the sale of property, letters introduced by plaintiff and written by defendant *held* of sufficient substantiality to take the case to the jury on the question of the reasonable value of services performed.

2. **APPEAL AND ERROR: Plaintiff Introducing Evidence Favorable to Defendant Cannot, on Appeal, be Heard to Say Jury Should not Have Been Allowed to Consider It.** Where evidence was introduced by plaintiff which was favorable to defendant, he cannot on appeal be heard to say the jury should not have been allowed to consider it.

3. **PRINCIPAL AND AGENT: Rule That Power of Agent to Make a Contract for Sale of Land Ceases upon Death of Principal Unless the Power is Coupled with an Interest, Held not to Apply Where Claim for Services Was Based upon a Special Contract.** Where defendant did not base his counterclaim for services rendered in sale of real estate upon any rights claimed under a power of attorney, but upon a special separate contract, the rule that the power of a real estate agent to make a contract for sale of land ceases with the death of the principal unless the power is coupled with an interest *held* not applicable.

4. **EVIDENCE: Where Party Was Disqualified from Testifying, His Failure to Testify Did not Create Inference That His Testimony, if Given, Would be Adverse to His Cause.** In an action against an administrator of deceased, where defendant sought to recover upon a counterclaim, based upon a special contract with deceased, defendant was disqualified from testifying to conversations had with deceased, and defendant's failure to testify raised no inference that his testimony, if given, would have been adverse to his cause.

5. ———: **Where Claim Was upon Special Contract and Not Power of Attorney, It Was not Error to Admit Testimony as to Oral Contract,**

Against Objection That Contract Was in Writing in Form of Power of Attorney. Where defendant's counterclaim was not based upon his rights under a power of attorney, but upon a special contract, it was not error to admit testimony as to an oral contract between defendant and deceased, as against objection that the contract was in writing in the form of a power of attorney.

6. **INSTRUCTIONS: An Instruction Ignoring Immaterial Matter and One upon Which Defendant Did not Rely as the Basis of His Counterclaim Held not Erroneous.** Where defendant's counterclaim for services rendered in sale of real estate was based upon a special contract of employment and not upon a power of attorney, an instruction was not erroneous because it ignored the power of attorney, the same being immaterial.

7. **EVIDENCE: Compromise: Settlement: Bill for Services Rendered, Offered as a Basis of a Compromise Settlement, Held Properly Excluded.** A statement of defendant for services rendered deceased, presented and offered as a basis of a compromise settlement, *held* properly excluded, though the same was the first notice that the defendant claimed an indebtedness from the estate of deceased.

---

*Headnote 1. Brokers, 9 C. J., Section 129; 2. Appeal & Error, 4 C. J., Section 2613; 3. Brokers, 9 C. J., Section 22; 4. Evidence, 22 C. J., Section 57; 5. Brokers, 9 C. J., Section 118; 6. Trial, 38 Cyc, p. 1618; 7. Evidence, 22 C. J., Section 347.

Appeal from the Circuit Court of Bates County.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*M. T. January* for appellant.

*W. M. Bowker* and *D. C. Chastain* for respondent.

ARNOLD, J.—This is a suit by an administrator against the defendant to recover $965.97, claimed to be in the hands of the latter as the balance of a first payment on the sale of Lake Park Springs, a pleasure resort in the city of Nevada in Vernon County, Missouri. The record shows that during the years 1917, 1918, 1919 and 1920, until his death, one Simeon H. West of Le-Roy, Ill., was the owner of the property above men-

tioned. Defendant Moore formerly owned the property and sold it to said West for $18,000. At that time it consisted of seventy-two acres but West purchased additional acreage and at the time of his death it contained about 180 acres, and was a pleasure resort in the southwest part of said city. Because of advancing years, being about ninety years of age, Mr. West desired to sell the property, and during the year 1918, while he was in Nevada, he employed defendant to act for him in securing real estate agents to find a purchaser and to assist in making a sale. West advertised the property in newspapers in Kansas City and other cities and told defendant he would refer to him all prospective purchasers and asked Moore to look after them when they came to Nevada to inspect the property. Defendant agreed to this and during the years 1918 and 1919, as such letters of inquiry were referred to him he answered them, and as prospective buyers appeared, he exhibited the property. He also employed agents to find a purchaser, among them being one E. B. Todd who found a purchaser in 1920, to whom the property was sold. The owner had authorized defendant Moore to sell the property for $50,000, and authorized payment of $5000 as commission to the agent selling it. One Doctor Hornschuch agreed to buy the property for $54,000, with a down payment of $2000 and a contract was accordingly drawn for the sale at that price.

About this time Mr. West died, and his wife and son were made executors of his estate. They took up the matter of the sale of the property with defendant by correspondence, and insisted upon his promptly closing the deal, but later came to Nevada and closed the sale to Doctor Hornschuch, after making some changes in the contract relative to the deferred payments. For his services and expenses in compliance with his alleged contract with Mr. West in promoting the sale of the property, during a period of about three years, Mr. Moore, made a charge against the estate of $1500. During this

period, defendant was superintendent of the park, looked after the employees, collected the rents, deposited the money, paid bills and remitted the balance to Mr. West during the lifetime of the latter. This service was performed under another contract and he makes no claim for services of that character.

When the deal was finally closed for the sale of the property to Doctor Hornschuch, defendant rendered an account of the money coming into his hands as superintendent, showing a balance due the West estate of $965.97. There is no controversy as to this amount. There is a controversy, however, as to the counterclaim of defendant for the $1500 charge for his services under special employment by Mr. West in employing agents, answering correspondence and in looking after prospective buyers.

The suit was instituted in Vernon county but taken to Bates County on change of venue, and there tried to a jury, resulting in a verdict for defendant on his counterclaim in the sum of $500, and against plaintiff on the petition.

The petition alleges that on April 4, 1920, one Doctor Hornschuch paid defendant $2000 for the use of the estate of S. H. West, being an advance payment on the purchase price of the property in question; that in addition to said payment, defendant has collected and has in his hands $43.18, being the net income from the park up to June 5, 1920, making a total of $2043.18; that out of this amount, defendant by authority has properly expended $1077.21. Judgment was prayed for the balance, $965.97.

The amended answer admits the receipt of $2043.18 and the expenditure of $1077.21. By way of counterclaim defendant charges the estate is indebted to him in the sum of $1500, on account of services under an agreement with said Simeon H. West, deceased; that under the terms of said agreement, defendant was to act as the agent of said West in securing real estate agents

to sell said property, and to assist said agents in whatever way he could in bringing about a sale; that pursuant to said contract defendant was compelled to, and did, conduct correspondence with many prospective purchasers and showed said property to persons interested, in an endeavor to make a sale; that during all of said years, up to the time the property finally was sold, much time of defendant was consumed in writing letters to persons referred to defendant by West; that through these efforts the property was sold and that in promoting and helping to promote said sale, defendant performed numerous services in connection with the handling of the property; that while said negotiations were pending, a storm uprooted many trees and destroyed many buildings on the property, necessitating numerous repairs in order to effect a sale, and that this work was done by defendant. The answer further states that the reasonable value of all the services rendered under the provisions of the alleged special contract was $1500, for which judgment was prayed, less the sum of $965.97, acknowledged by defendant to be due the estate.

The reply was a general denial of all allegations in the answer except such as were specifically admitted in said reply. Further, plaintiff states that on March 5, 1917, a written contract was entered into between Simeon H. West and defendant, whereby defendant was made superintendent of said Park, and by the terms of which defendant was allowed to reimburse himself out of the receipts of said Park for all necessary traveling expenses made in the interest of the Park, and for stationery, postage, etc. That under said contract, defendant received and paid out all income derived from said Park except a net balance of $43.18 mentioned in the petition; that afterwards, on November 2, 1917, said Simeon H. West gave to defendant written power of attorney to sell said property at a price of $50,000, out of which $5000. was to be deducted as commission for promotion; that said power of attorney expired November 24, 1919, and

on said date defendant was given exclusive authority to sell said property as agent, mentioning different terms; that this authority expired January 1, 1920, and Simeon H. West extended such authority in writing, to February 1, 1920, and that on April 2, 1920, Simeon H. West died That on April 13, 1920, defendant, pretending to act under authority of said power of attorney, entered into a contract with one A. A. Tyler, as trustee, for the sale of said property and received as a payment thereon the sum of $2000; that the executors of the estate of said West in the State of Illinois, came to Missouri and refused to ratify said contract. That afterwards, on June 5, 1920, negotiations were taken up with L. C. Hornschuch who was the real party in interest in the contract that had theretofore been entered into between defendant and Tyler, as trustee; that a new contract was entered into between Hornschuch and the said executors whereby some changes were made in the deferred payments, more satisfactory to the said executors; the first payment of $2,000, already in the hands of defendant, was accepted as a first payment by the terms of the new contract. At the same time, at the request of defendant, the commission for making the sale, the amount of which was agreed upon, was made payable to E. B. Todd.

It is further alleged in the reply that under the contract therein mentioned, the defendant reimbursed himself for services as superintendent, and that the other items included in the counterclaim are covered by the commission provided for in the power of attorney.

The trial resulted as above indicated. A motion for new trial was unsuccessful and plaintiff appealed.

First, it is charged that the court erred in refusing plaintiff's peremptory instruction at the close of all the evidence. The determination of this appeal lies in the solution of this question, and it is recalled that the suit was fought on defendant's counterclaim as a basis. It is the contention of plaintiff that the services of defendant embraced in the counterclaim were performed under

a written contract covering the employment of plaintiff as superintendent of the park, while defendant's position is that his right to recover is based upon an entirely different contract, to-wit, his employment in promoting the sale of the property. Under the pleadings, it would seem plaintiff is erroneously insisting that defendant was acting as a real estate agent only, and that his right to remuneration for the services claimed was released by him to E. B. Todd.

Letters from West and from the Illinois executors of his estate were introduced in evidence which tend strongly to support the claim of defendant that he was employed to secure agents to sell the property and to render other services in connection with the promotion of the sale thereof; and nothing is found in these letters to support the view that in connection with the sale of the property, defendant was acting under the provisions of a power of attorney, nor under his contract as superintendent. In addition to the letters in evidence, there is substantial evidence of witnesses in support of defendant's contention.

It is further urged that the peremptory instruction should have been given because there was no testimony offered as to the reasonable value of the services rendered. The answer and counterclaim allege that the reasonable value of the services rendered was $1500. In support of this claim there is considerable testimony as to the multitudinous duties performed by defendant and the nature thereof. In addition to this, there were two letters introduced by plaintiff, written by defendant to Marcus West, one of the Illinois executors, in which he enclosed an itemized statement, saying, "I would not go through this work again for double the amount." We think this estimate of the work done by defendant is of sufficient substantiality to take the case to the jury. This testimony was introduced by plaintiff, and he cannot now be heard to say the jury should not have been allowed to consider it.

In Kersting v. White, 107 Mo. App. 265, 282, 80 S. W. 730, the court said:

"The general rule is that where a party introduces in evidence a writing as an admission of the adverse party, the whole becomes evidence in the case. But it does not follow that all parts are equally worthy of credit, and it is for the jury to consider under all the circumstances how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor as those made against him." [Citing 1 Greenleaf on Ev. (16 Ed.), sec. 201.]

As stated above, there was testimony showing defendant's employment and the performance of the services, and the testimony as to the value put upon these services by defendant was offered by plaintiff. We think there was no error in refusing the peremptory instruction offered by plaintiff.

Plaintiff urges that the power of a real estate agent to make a contract for the sale of land ceases with the death of the principal unless the power is coupled with an interest. This is a correct statement of the rule, and it is amply supported by authorities. But its application to the facts in the case at bar is not apparent for the reason that defendant does not base his counterclaim upon any rights claimed under his power of attorney. This point may therefore be dismissed without further comment.

Some point is attempted to be made of the fact that defendant was not called to testify and that under the rules it may be inferred that his testimony would have been adverse to defendant's cause. It is urged that he was not disqualified to testify as to transactions had with the administrators of decedent. This is true, but defendant is not basing his counterclaim upon any contract or transaction with the executors, and the rule is not applicable. Defendant claims under a contract with the deceased West, and is therefore disqualified from testifying to conversations had with the other party.

This rule is so well established that citations are unnecessary. This ruling covers plaintiff's points 2 and 3 under his points and authorities.

Plaintiff charges the court erred in permitting the witness Bryant to testify as to an oral contract between defendant and West. Plaintiff's objection is that the contract was in writing in the form of a power of attorney, and he offered to produce the writing. We fail to see any merit in this contention. As above stated, the counterclaim is not based upon defendant's rights under the power of attorney, but upon a special separate contract. We see no error in this ruling.

It is further charged that instruction No. 9 for defendant was erroneous because it ignores the power of attorney given by West to defendant. Upon the theory under which the cause was tried, the power of attorney was not the basis of defendant's counterclaim, and therefore it was not material. There is no error in the instruction.

Point 4 is directed against the alleged misconduct of the jury, but as this point was abandoned by plaintiff, no discussion of it is necessary. It is also charged that instructions 2 and 7 are erroneous, if it is found that defendant was acting under the power of attorney and based his counterclaim thereon. We have answered this objection in holding that defendant's claim was based upon a contract.

It is also insisted that the court erred in refusing to admit in evidence plaintiff's exhibit "L" which consisted of a letter or paper which reads as follows:

"Nevada, Mo., June 1, 1920.

"Mr. S. H. West,

"Radio Springs,

"In account with Harry C. Moore.

"To services as Gen. Supt. of Springs and improvements from April 1, 1917 to June 1, 1920, 38 months at $50 per month ......................... $1900.00

"This service includes all personal services of every kind and nature, also my bookkeeping, stenographic work,

stationery, stamps, advertising, railroad, street car and taxi fare, entertainment and interest on $4000 cash advanced in 1917 and 1918, the. said $4000 had been fully paid back from weekly receipts of the Springs.''

When this letter was presented to Marcus West, defendant stated that he did not .demand this amount, but he felt that something was due him, and offered it as the basis of a compromise settlement. The court sustained an objection to the introduction of the letter in evidence, on the ground that it was written in an effort to compromise. Marcus West stated this was the first knowledge he had that defendant claimed an indebtedness from the estate, but this in no way affects the fact that the letter was offered as a basis for a compromise settlement. Under the rule declared in Harvester Co. v. Capps, 205 S. W. 252, 254, the action of the trial court in this respect was not error.

We find no reversible error in the record. The judgment should be affirmed. It is so ordered. All concur.