[Civ. No. 10113. First Appellate District, Division Two.—May 26, 1936.]

In the Matter of the Estate of MARY BELL McLELLAN, Deceased. ASHER BATES McLELLAN et al., Respondents, v. ASA D. McLELLAN et al., Trustees, etc., Appellants.

Hankins & Hankins for Appellants.

A. J. Harwood for Respondents.

NOURSE, P. J.—This is an appeal by the trustees from an order of the probate court disallowing and disapproving their first and final account.

Mary Belle McLellan died on January 15, 1927, leaving a will in which she designated the three appellants herein as executors and also as trustees of certain trusts created by the will. One of such trusts was for the benefit of Mary Bates McLellan with remainder on her death to Asher Bates McLellan. On January 23, 1928, a decree was duly entered settling the final account of these executors and for final distribution and discharge. By the terms of the decree of distribution the sum of $3,941.21 was distributed to the three appellants as trustees for Mary Bates McLellan. As part of the *corpus* of this trust there was distributed under the decree of distribution a promissory note and deed of trust executed by one of the trustees in favor of the deceased in the sum of $3,500. The decree of distribution became final, and thereupon the trustees regularly paid to Mary Bates McLellan during her life the income of the trust and on June 3, 1929, paid her $500 on account of principal. She died on December 29, 1934, and thereafter the trustees paid the income derived from the balance of the trust to her son Asher Bates McLellan. In 1933 the note and deed of trust which had been distributed to the trustees by the decree of distribution was renewed but with a reduction of interest from seven per cent to six per cent per annum. On April 15, 1935, the entire amount of the note with interest was paid to the trustees and was ready for payment to the beneficiary at the time of settlement of the account.

The beneficiary objected to the approval of the account on the grounds:

(1) That the trustees should have received from the estate of Mary Belle McLellan interest on the *corpus* of the trust from the day of her death to the day of distribution, and, not having done so, they should be charged personally to account for that amount with compound interest.

(2) That the renewal of the promissory note of one of the trustees was an invalid act on the part of all and that they

should, therefore, be charged to pay seven per cent interest from the day of renewal.

(3) That the trustees should not be allowed attorney's fees for advice given in connection with renewal of said note.

(4) That they were not entitled to the statutory fees as fixed for the ordinary proceeding in probate.

■ The probate court allowed respondent's first objection and charged the trustees with the sum of $512.13 with compound interest from the date of the death of Mary Belle McLellan. This was on the theory that the trust for the benefit of Mary Bates McLellan was a trust for maintenance carrying interest from the testator's decease. The point is contested by the appellants on the ground that the probate court had no jurisdiction to make the order. This position must be sustained. The decree of distribution became a final and conclusive judgment more than seven years before this collateral attack was made upon it. By the terms of that decree the trustees had distributed to them something over $3,900, and that is all of the *corpus* of the trust for which they can now be called upon to account. The fact that the executors and the trustees were the same individuals has no possible bearing on this proceeding to settle the account of the trustees. If, because of such relation or if because of any other fact or circumstance not alleged or proved herein, the appellants were guilty of fraud or breach of trust in connection with the decree of distribution that is a matter for a court of equity to determine. It is not the policy of the law that parties can be charged and penalized for fraud merely by innuendo in briefs of counsel. Fraud is a fact, and those charged with it are entitled to demand both allegation and proof. The authorities are uniform in holding that the general jurisdiction of the probate court is confined to the settlement of estates and that such court has no general equity jurisdiction. When questions, other than the business connected with the administration of estates, require judicial attention, those questions are to be settled in an independent action in equity. (*Parkman* v. *Superior Court,* 77 Cal. App. 321 [246 Pac. 334] ; *Estate of Hubbell,* 121 Cal. App. 38, 42 [8 Pac. (2d) 530] ; *Security-First National Bank* v. *Superior Court,* 1 Cal. (2d) 749, 757 [37 Pac. (2d) 69].) From the foregoing authorities it follows that, the decree of distribution herein having become final, it was not subject to col-

lateral attack in a subsequent proceeding settling the account of the trustees.

■ The second ground of objection to the final account presents a different situation. In accordance with the provisions of sections 2229 et seq. of the Civil Code a trustee may not use trust property for his own profit or engage in any transaction in connection with the trust which is adverse to that of his beneficiary. The renewal of the promissory note in 1933 would seem to come within the prohibitions of these sections of the code, and though we are asked to take judicial knowledge of the fact that because of prevailing economic conditions the six per cent interest was beneficial to the estate and not otherwise, this was a pure question of fact which was submitted to the lower court, and we can find no reason to disturb its judgment in that respect.

■ For this reason the refusal to allow the trustees counsel fees for service in connection with the renewal of the note was not improper because the services so rendered were detrimental to the interests of the trust estate.

■ The final objection made to the account relates to the compensation allowed the trustees and their counsel for their services. By the terms of the decree the three trustees were allowed $100 for their services and $75 for services of their attorneys. The unreasonableness of the fee allowed the trustees is obvious. The decree of distribution was entered January 23, 1928, and from that time until the entry of the order herein on July 10, 1935, these trustees performed the duties of such under the trust and assumed all the responsibilities thereof, covering a period of more than seven years. Though the duties may have been light, the responsibilities alone call for a higher fee than that allowed. It is not unlikely that the meager fee allowed the trustees was fixed because of the court's finding on the first point relating to the *corpus* of the trust, but, for whatever reason, the allowance is unreasonable in view of the circumstances, and the matter is remanded for the purpose of having a reasonable fee fixed. We express no opinion on the reasonableness of the fee allowed counsel as we have no facts upon which to base an opinion.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.