[S. F. No. 15887.   In Department One.—March 7, 1941.]

ASHER BATES McLELLAN, as Special Administrator, etc., Respondent, v. ASA D. McLELLAN et al., Appellants.

Hankins & Hankins and Olin F. Nuckolls for Appellants.

Alfred J. Harwood for Respondent.

EDMONDS, J.—The appellants, testamentary trustees of the Estate of Mary Belle McLellan, are resisting a judgment entered against them in an action brought by the special administrator of the Estate of Mary Bates McLellan, who was a beneficiary of one of the trusts created by Mrs. McLellan's will.   They were also named as executors and residuary legatees of this will.   The controversy concerns the right of the beneficiary to interest from the date of the testatrix's death to the date of distribution of her estate.

Among other bequests, Mrs. McLellan left money in trust with instructions to pay the income thereof, and such portion of the principal as the trustees deemed necessary or advisable, to or for the support and maintenance of Mary Bates McLellan.   Almost exactly one year after the testatrix's death in 1927, her estate was distributed and the trustees received

$3,941 under this provision of the will, which amount did not include any interest.

The trust fund was administered by the trustees until the death of Mary Bates McLellan in December, 1934. During that period interest and $500 of the principal was paid to her. The first and final account of the trustees was filed in 1935. Objections to this account were filed by Asher Bates Mc-Lellan, special administrator of his mother's estate (the respondent in the present action), upon the ground, among others, that it did not include interest from the date of death of the testatrix to the date of the decree of distribution. Upon appeal, it was held that the decree of distribution, having become final, was not subject to collateral attack in the subsequent proceeding for the settlement of the trustees' account. (*Estate of McLellan,* 14 Cal. App. (2d) 271 [57 Pac. (2d) 1338].) The respondent then commenced the present action in equity, charging that by reason of the trustees' failure to obtain distribution of interest upon the *corpus* of the trust, that they benefited as residuary legatees to the amount of $275.

Appellants contend that as the decree of distribution did not include interest, the probate court, in effect, found that no interest was due; that this decree is now final and relief from it can only be had upon a showing that it was procured by extrinsic fraud not the result of negligence of the respondent or his predecessor; that assuming a cause of action for extrinsic fraud has been stated, it is one to establish a constructive trust and lies only against appellants as individuals, and their demurrer, as trustees, should have been sustained on this ground; and, finally, that an action to establish a constructive trust has been barred by the statute of limitations.

Respondent answers that this is a suit in equity in which the court may grant relief from a decree of distribution which has become final; that the facts alleged in the complaint and found by the court show extrinsic fraud; and that the action is against the trustees of an express trust in which the trustees cannot rely upon the statute of limitations without a showing either that they have repudiated the trust or that the trust has terminated.

The decree of distribution has long since become final. It determined the persons to whom the estate should be distributed and also the amount to which each person was en-

titled. If there was any error in the decree, the remedy was by appeal. (*Estate of Schmierer,* 168 Cal. 747 [145 Pac. 99].) In *Estate of McLellan, supra,* which concerned objections made by the respondent in the present action to an order of the probate court upon the ground that interest had not been collected by the trustees, it was held that they could not be required to account for interest not received by them. The same question was later presented to this court on behalf of another beneficiary under the will of Mrs. McLellan, and decided in favor of the trustees. (*Estate of McLellan,* 8 Cal. (2d) 49 [63 Pac. (2d) 1120].)

Section 1123 of the Probate Code provides: "A decree rendered under the provisions of this chapter, when it becomes final, shall be conclusive upon all persons in interest, whether or not they are in being." Such a decree, this court has recently held, stands as a bar to any claim brought against a testamentary trustee who was also the executor of the estate. Although recognizing the duty of a testamentary trustee to prevent the estate from being mismanaged during the course of administration, it was held that the decree of distribution conclusively negatives any charge of mismanagement, negligence or fraud on the part of the executor and likewise determines that the trustee was under no duty to move to obtain trust assets contrary to the provisions of that decree. (*Carr* v. *Bank of America etc. Assn.,* 11 Cal. (2d) 366 [79 Pac. (2d) 1096, 116 A. L. R. 1282].) The basis of this decision is that the law charges the probate court with the duty of scrutinizing the accounts of the executor and determining the issues presented by a petition for distribution, and where none of those issues are withdrawn from judicial investigation, the determination upon them is conclusive in favor of the executor and also the testamentary trustee. That reasoning is particularly applicable to the controversy now before the court.

As these conclusions are determinative of the issues before the court, it is unnecessary to consider other points relied upon.

The judgment is reversed with directions to enter judgment in favor of the appellants.

Shenk, J., and Carter, J., concurred.

A petition for a hearing in Bank was denied April 3, 1941.