[Civ. No. 12157.   First Dist., Div. One.   Dec. 28, 1942.]

MARY GRACE DE GEAR, Appellant, v. ASA D. McLEL-
LAN et al., Respondents.

Alfred J. Harwood for Appellant.

Hankins & Hankins and Olin F. Nuckolls for Respondents.

KNIGHT, J.—The plaintiff, Mary Grace De Gear, brought this suit in equity to recover from the defendants, Asa D. McLellan and Frank L. McLellan, the sum of $486.65. The complaint was filed January 24, 1938; but the defendants, evidently awaiting the outcome of other litigation involving a question of liability similar to that here sued upon, did not file their answer until December 20, 1940, and several months thereafter they moved for judgment on the pleadings. The motion was granted, and plaintiff appeals.

The controversy has its origin in the settlement of the es-

tate of Mary Belle McLellan, deceased, which took place in the Superior Court of San Mateo County. The decree of final distribution was entered therein on January 23, 1928, and the present suit was instituted in said court ten years later. It was based on allegations to the effect that by said decree the sum of money sought to be recovered was distributed to defendants, whereas it should have been distributed to plaintiff as interest on a testamentary trust fund of which she was beneficiary. It is apparent that under the decisions rendered on three former appeals, namely, *Estate of McLellan,* 14 Cal. App.2d 271 [57 P.2d 1338] ; *Estate of McLellan,* 8 Cal.2d 49 [63 P.2d 1120], and *McLellan* v. *McLellan,* 17 Cal.2d 552 [110 P.2d 1034], all of which involved the question of the liability here sued upon, it was mandatory on the trial court herein to grant defendants' motion.

The factual situation may be stated as follows: The decedent, Mary Belle McLellan, died testate on January 15, 1927. By her will, after providing for the payment of several specific legacies, she created three separate trusts and directed that the income therefrom and such portions of the principal as the trustees deemed necessary and advisable be paid to the beneficiaries for their maintenance and support, with the remainder upon the death of the beneficiary to others. Plaintiff was named as beneficiary of the first trust, Leonard E. McLellan of the second, and Mary Bates McLellan was named as beneficiary of the third trust, with the remainder upon her death to Asher Bates McLellan. The defendants and Edgar W. McLellan (who died in August, 1935) were named in the will as trustees, and they were also made executors and residuary legatees. The decree of final distribution was entered, as stated, on January 23, 1928, whereunder, after directing the payment of the specific legacies, certain sums of money were distributed to the trustees to be used in the manner directed in the will, and the residue was distributed to said trustees as residuary legatees. No appeal was taken from said decree, and thereafter the trust funds were administered as directed by the terms of the will and the decree. Seven years after the decree became final, and on June 7, 1935, the trustees as such filed an account, and at the settlement thereof plaintiff and Asher Bates McLellan (the remainderman of the third trust, the beneficiary having died), asserted for the first time that the trustees were chargeable with interest on the trust

funds from the date of the decedent's death to the entry of the decree of final distribution. The superior court so held, and ordered the trustees to account to the beneficiaries therefor. Two appeals were taken by the trustees; one from that portion of the order in favor of Asher Bates McLellan, and the other from that portion in favor of plaintiff. The former appeal was decided by the District Court of Appeal on May 26, 1936, and is reported in 14 Cal.App.2d 271 [57 P.2d 1338]; the latter appeal was decided by the Supreme Court on December 23, 1936, and is reported in 8 Cal.2d 49 [63 P.2d 1120]. On each appeal the order was reversed upon the ground that the decree of final distribution made no allowance for interest, and that since the decree had long since become final, it was not subject to collateral attack in a subsequent proceeding settling the account of the trustees. In so holding the District Court of Appeal said: "The decree of distribution became a final and conclusive judgment more than seven years before this collateral attack was made upon it. By the terms of that decree the trustees had distributed to them something over $3900, and that is all of the *corpus* of the trust for which they can now be called upon to account. The fact that the executors and the trustees were the same individuals has no possible bearing on this proceeding to settle the account of the trustees." The Supreme Court in disposing of the same point used this language: "Concerning the first contention, the record shows that the trustees, as executors under the will of Mary Belle McLellan, petitioned for distribution of her estate but made no request for interest upon the legacy. The decree of distribution allowed no interest, and the trustees paid no interest to the beneficiary of the trust for the period prior to the date of the decree. More than seven years after that decree became final, respondent for the first time claimed interest for this period. This she cannot do. Having become final the decree of distribution was not subject to collateral attack in this proceeding for the settlement of the account of the trustees. (See *In re Estate of Mary Belle McLellan,* 14 Cal.App.2d 271 [57 P.2d 1338], an appeal from an order disallowing an account of the appellants here as trustees of another testamentary trust under the same will.)" However, the District Court of Appeal in its decision went on to say: "If, because of such relation or if because of any other fact or circumstance not alleged or proved here-

in, the appellants were guilty of fraud or breach of trust in connection with the decree of distribution that is a matter for a court of equity to determine.'' Thereupon Asher Bates McLellan and plaintiff each brought such a suit. They were based on allegations to the effect that since the trusts were created for the maintenance and support of the beneficiaries they were entitled to interest on the trust funds from the date of the testatrix' death to the entry of the decree of final distribution; that at the time of distribution said trustees ''failed and neglected to petition the said court for distribution'' of said interest; that by reason of such failure and neglect the amount of money to which they would have been entitled to receive as such interest went into the residue of the estate and was distributed to said trustees as residuary legatees; that therefore said trustees were liable to them for the payment of said interest.

The suit brought by Asher Bates McLellan was tried first, on the merits, and was decided in his favor. The trustees appealed, and the Supreme Court again reversed the trial court, and directed the entry of judgment in favor of the trustees. In so reversing the judgment the court held that under Probate Code section 1123, declaring that a final decree of distribution shall be conclusive on all persons in interest, a decree which determined the amount to which each distributee under the will was entitled and which has become final, barred a suit against the trustees charging that by reason of the failure to obtain distribution of interest from the date of the death of the testatrix to the distribution of the estate they benefited as residuary legatees to that extent. As stated, that case was identical in all respects with the present one; therefore upon the rendition of the decision in that case the trustees moved for judgment on the pleadings in the present case; and in view of the rulings on the three former appeals the trial court very properly granted the motion.

Following the rendition of the decision on the last appeal plaintiff sought to escape the effect thereof by filing an amendment to the complaint wherein she alleged among other things that at the time of final distribution ''said trustees withdrew from judicial investigation the question as to whether said legacy bore interest'' from the date of the testatrix' death. It is quite obvious, however, that the filing of the amendment did not alter the nature of the cause of

action sued upon, nor remove the case from the operation of the decisions rendered on the former appeals, for the reason that the record shows that no request was ever made by the trustees for interest on said legacy. Plaintiff was evidently prompted to file the amendment because of certain language used by the Supreme Court by way of discussion in deciding the last appeal. But as expressly stated by the Supreme Court on the previous appeal, *"the record shows"* that the trustees, as executors of the will, petitioned for distribution of the estate *"but made no request for interest upon the legacy"*; also in the present case plaintiff definitely alleged as the basic allegation of her cause of action that "the said trustees, as aforesaid, *failed and neglected* to petition the said court for distribution of interest on said legacy . . . " and "that by reason of the failure and neglect" of the trustees so to do the amount of interest plaintiff would otherwise have received was distributed to the trustees as residuary legatees. (Italics ours.) Nor is there anything in the decree of distribution itself indicating that defendants or anyone else ever withdrew from judicial investigation the question of whether the beneficiaries were entitled to interest. In that state of the record the trial court was fully justified in holding that in the present case it was concluded by the rulings made on the former appeals.

The judgment is affirmed.

Peters, P. J., and Bray, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 25, 1943. Curtis, J., Carter, J., and Traynor, J., voted for a hearing.