The probate proceeding in which appellant's claim was filed originated in the district court by virtue of § 16-312, N.M.Sts. 1941, which is as follows: "In addition to their existing jurisdiction the district courts of this state shall have concurrent jurisdiction with the probate courts in each county within their respective districts as to all matters heretofore within the exclusive jurisdiction of said probate courts."
The appellant filed therein a claim against the estate of James D. Ward, deceased, and Sadie Ward (the administratrix) individually, asserting that the deceased employed him to sell deceased's ranch properties consisting of real property, live stock and ranch equipment, for the sum of $35,000; and that deceased's estate and Sadie Ward, his widow, were indebted to him in the sum of $2,000 for his services in securing a purchaser for said property.
The question is whether the appellant is entitled to a broker's commission because of the sale made by the heirs and the administratrix of the estate of his principal.
The substance of the facts found by the court, necessary to a decision, are as follows:
The property in question was listed with the appellant for sale at a price of $32,000, in January, 1940. Ward agreed to pay appellant a commission of $2,000 if he furnished a purchaser who would pay that price. Thereafter, on June 18, 1940, the owner Ward raised the price at which appellant was authorized to sell said property to $40,000 net to the owner. In August, 1941, John F. Callioux made inquiry of one Porterfield as to the latter's knowledge of the property. Porterfield advised him that he would secure information regarding it, and for that purpose contacted appellant and secured from him a mimeographed prospectus containing facts regarding the property and the name, address and telephone number of the owner Ward. This *Page 57 
prospectus had been furnished to appellant to assist him in making a sale. The owner Ward died on the 11th of September thereafter, and a few days later Callioux was informed of that fact when he attempted to contact Ward in Amarillo.
In October, 1941, Callioux purchased the property from the heirs and the administratrix Sadie Ward for $35,000. At the time the sale was made Mrs. Ward knew nothing of the listing of the property with appellant or of any agreement to pay a commission to him if a sale was made. Mrs. Ward owned as her separate estate 250 head of the cows sold to Callioux in addition to her community interest in the remainder of the property.
From these facts the trial court concluded that the district court had no power or jurisdiction to determine in this action the individual liability of Sadie Ward, and that the agency of claimant was revoked by the death of Ward before any liability was incurred by him.
The district court was without jurisdiction to determine the individual liability of Mrs. Ward for a commission. Its original jurisdiction in probate matters is statutory (§ 16-312, N.M.Sts. 1941, supra) and is limited to those powers conferred upon probate courts by § 16-410, N.M.Sts. 1941, which is as follows: "The probate courts shall have exclusive original jurisdiction in all the following cases, to wit: The probate of last wills and testaments, the granting of letters testamentary and of administration and the repealing or the revocation of the same, the appointment and removal of administrators, the appointment and removal of guardians of minors, the settlement and allowance of accounts of executors, administrators and guardians, the hearing and determination of all controversies respecting wills, the rights of executorship, administration and guardianship, the hearing and determination of all controversies respecting the duties, accounts and settlements of executors, administrators and guardians, the determination of heirship. * * *"
The superior courts of California have jurisdiction in probate matters. The courts of that state have held that a superior court sitting as a court of probate cannot exercise general civil jurisdiction. Gunn v. Giraudo, 48 Cal.App.2d 622, 120 P.2d 177; In re Marre's Estate, 18 Cal.2d 184, 114 P.2d 586; Fisher v. Superior Court, 23 Cal.App.2d 528, 73 P.2d 892; In re McLellan's Estate, 14 Cal.App.2d 271, 57 P.2d 1338; Texas Co. v. Bank of America, 5 Cal.2d 35, 53 P.2d 127. Also, see, Ashbaugh v. Sinclair, 300 Mich. 673, 2 N.W.2d 810; In re Quinney's Estate,287 Mich. 329, 283 N.W. 599; Palmer v. Reeves, 120 Conn. 405,182 A. 138; In re Meredith's Estate, 275 Mich. 278, 266 N.W. 351, 104 A.L.R. 348.
The trial court did not err in holding that it had no jurisdiction to adjudicate in the probate proceedings the claim against Mrs. Ward as an individual.
That the death of Ward revoked appellant's power to sell the property, is well settled. Unless he had earned his *Page 58 
commission before Ward's death he is without remedy.
The case of Trickey v. Crowe, 8 Ariz. 176, 71 P. 965, is an almost identical case. The broker had secured for his client an option to purchase certain mining property and a deed was placed in escrow, to be delivered upon payment of the purchase price. If the sale was effected the owners agreed to pay the broker a commission. During the life of the option the owners of the property died. Thereafter the option lapsed and the deed was delivered to the administrators of the estate. The administrators and heirs sold the property at the same price, although on different terms, to the person who had held the option. The Supreme Court of the Territory of Arizona held that as no binding contract had been made, and no purchaser furnished during the lifetime of the owners who was ready, able and willing to buy the property at the price and upon the terms specified, that notwithstanding the subsequent sale of the property at the same price to the same person by the administrators and heirs, that no commission could be recovered because the agency had been revoked by the death of the owner. This case, was appealed to and affirmed by, the Supreme Court of the United States (204 U.S. 228, 27 S.Ct. 275, 51 L.Ed. 454), and that court stated that the deaths of Chapin and Neville (the owners) terminated the authority of Crowe to sell on commission; as the power to sell was not coupled with an interest in the property on which the power was to operate. To support its conclusion the Supreme Court cited McGavock v. Woodlief, 20 How. 221, 15 L.Ed. 884, and Sibbald v. Bethlehem Iron Co., 83 N.Y. 378, 38 Am.Rep. 441.
Also see Hunt v. Rousmanier's Adm'rs, 8 Wheat. 174,5 L.Ed. 589; Peter's Ex'r et al. v. Beverly et al., 10 Pet. 532,9 L.Ed. 522; State of Missouri v. Walker, 125 U.S. 339, 8 S.Ct. 929,31 L.Ed. 769; Martin Son v. Lamkin, 188 Ill. App. 431; Kyle v. Gaff et al., 105 Mo. App. 672, 78 S.W. 1047; Weaver v. Richards,144 Mich. 395, 108 N.W. 382, 6 L.R.A., N.S., 855; Hartford v. McGillicuddy; 103 Me. 224, 68 A. 860, 16 L.R.A., N.S., 431, 12 Ann.Cas. 1083; Swearingen v. Moore, 215 Mo. App. 531,257 S.W. 815.
As the appellant was not the agent of the administratrix and heirs, and his agency for the sale of the property having been revoked by the death of Ward prior to any sale or the furnishing of a client ready, able and willing to purchase upon the terms authorized by the contract, and his power to sell not being coupled with an interest, it follows that the appellant is not entitled to a commission for the sale of the property by the heirs and administratrix. The judgment of the district court should be affirmed, and it is so ordered.
SADLER, MABRY, and BICKLEY, JJ., concur.
ZINN, C.J., not participating. *Page 59