138 P.2d 260

**In re PORTER'S ESTATE.**

**PORTER v. HANCOCK.**

**No. 4733.**

Supreme Court of New Mexico.

May 21, 1943.

Appeal Dismissed on Appellant's Motion June 4, 1943.

Clyde Wright, of Silverton, Tex., and Royal A. Prentice, of Tucumcari, for appellants.

Jacob V. Gallegos, of Tucumcari, for appellee.

BRICE, Justice.

This is an appeal from a judgment of the district court in a probate proceeding, instituted originally in the probate court of Quay County, and thereafter removed to the district court as provided by § 16-412 et seq. N.M. Sts. 1941.

The appellee filed her petition in the probate court praying for the probate of the last will and testament of J. B. Porter, deceased, and for the issuance to her of ancillary letters testamentary. Appellee is the widow, and appellants are daughters of the deceased.

The will was originally admitted to probate in a proceeding in the County Court of Briscoe County, Texas; and certified copies of the will and those proceedings in which petitioner was appointed executrix of the will, were attached as exhibits to her petition. Thereafter an order was entered in the probate court admitting said will to probate and ancillary letters were duly issued to appellee. An inventory was filed, from which it appears that the deceased had owned real estate, but no personal property, in New Mexico. The estate owed no debts.

The executrix made her final report in which the real property in New Mexico owned by deceased in his lifetime was described, and praying that said property "be distributed and adjudicated in accordance with the will of decedent."

Thereafter an order was entered fixing the time and place for hearing objections to the executrix' final report "and for the determination and distribution of said estate, and of the interest of each respective claimant thereto and therein, and the persons entitled to distribution thereof."

Appellants filed objections to appellee's report, and upon hearing thereof the probate court entered its "final order," approving said report. It was determined and found that the appellee as widow of deceased was entitled to all of said real estate "during her natural life". No finding was made as to the reversionary interest. After the entry of this order the proceeding was removed to the district court of Quay County.

In the district court certain pleadings in the nature of bills of particulars were filed, the effect of which was to call in question the title to a portion of said real estate. The appellants claimed certain tracts of land by virtue of deeds made by the appellee and her deceased husband

during the latter's lifetime, and the appellee asserted title thereto as residuary devisee under the will that was probated in this proceeding. This was the sole question tried in the district court. It was there determined that the deeds in question were never delivered by the grantors and therefore they were ineffective to convey title; that the appellee was the owner of said real estate by virtue of being the residuary devisee under the will. In other words, the district court sitting in probate matters, undertook to exercise general civil jurisdiction by trying the question of the execution and delivery by testator during his lifetime of certain deeds under which the appellants claimed. This was an attempted exercise of a jurisdiction not possessed by it. Fraser v. Ward, 47 N.M. 55, 134 P.2d 539; McCann v. McCann, 46 N.M. 406, 129 P.2d 646, 648. The appellee's right to take the real estate in question as sole residuary devisee under the will was unquestioned except as it might be defeated through prior conveyances made by testator during his lifetime. The trial of the question whether such conveyances had taken place and had been consummated by delivery of such deeds, was the exercise of general civil jurisdiction. Fraser v. Ward and McCann v. McCann, supra.

Whether or not a decree of the probate court, or that of a district court exercising probate jurisdiction, by determining heirship, etc., as provided by § 33-1212, N.M. Comp.1941, may effect the devolution of title to real property, is a question not decided.

It may be well at this time to clarify a statement concerning Const., Art. VI, § 23, made in our opinion in McCann v. McCann, supra. We there said: "Art. VI, § 23, provides that Probate Courts shall have no jurisdiction in any matter in which title to real estate or the boundaries of land may be in dispute or drawn in question."

This section of Article VI, so far as material to what we now say, reads: "A probate court is hereby established for each county, which shall be a court of record, and, until otherwise provided by law, shall have the same jurisdiction as is now exercised by the probate courts of the territory of New Mexico. The legislature shall have power from time to time to confer upon the probate court in any county in this state, general civil jurisdiction coextensive with the county; provided, however, that such court shall not have jurisdiction in civil causes in which the matter in controversy shall exceed in value one thousand dollars, exclusive of interest; * * * nor in any matter wherein the title or boundaries of land may be in dispute or drawn in question; * * *."

In saying what we did in the McCann case as quoted above, there was no intention to indicate a view, the one way or the other, on the question whether the limitation on jurisdiction wherein title or boundaries are involved, was confined only to future action of the legislature in conferring general civil jurisdiction on probate courts; or, whether it operated as well on the continuing territorial jurisdiction conferred on probate courts by the same action.

Since the district court, sitting in matters of probate, exercised a general civil jurisdiction which it does not possess, it follows that the judgment should be reversed and the cause remanded with instructions to the district court to set aside its judgment and for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

SADLER and MABRY, JJ., concur.

BICKLEY, Justice (dissenting).

I am unable to concur in the foregoing opinion.

The opinion states "Whether or not a decree of the probate court, or that of the district court exercising probate jurisdiction, by determining heirship, etc., as provided by Sec. 33-1212, N.M. Comp. 1941, may effect the devolution of title to real property is a question not decided."

It seems to me that this question must be decided if the disposition of the case is made to rest upon jurisdictional grounds as proposed in said opinion.

The statute cited is as follows: "Allowance or disallowance of final account—Determination of heirship and ownership of estate—Appeal.—Upon the hearing the court shall give a decree allowing or disallowing the final account, either in whole or in part, as may be just and right; and, in addition thereto, shall proceed to determine the various claims of heirship, ownership, or interest in said estate, and shall

proceed to hear the evidence which may be taken orally or by deposition in the same manner as provided in civil actions. And from the evidence produced, the court shall determine the heirship to said decedent, the ownership of his estate, and the interest of each respective claimant thereto, or therein, and the persons entitled to the distribution thereof, and enter a decree accordingly, and the final determination of the court thereon shall be final and conclusive in the distribution of said estate and *in regard to the title to all property of the estate of the said decedent.* Appeals shall be allowed from any final decree or judgment determining heirship, the ownership of the decedent's estate, or the interest of any claimant thereto or therein in the manner now provided by law for appeals from the probate court." (Emphasis supplied.)

It seems plain to me that the legislature intended by this act to repose in the probate court jurisdiction to determine what property decedent owned at the time of his death in order to determine what property the laws of descent and distribution or testamentary disposition by the decedent would operate upon.

A will might devise specifically described property to designated devisees but if after making the will the testator disposed of such property it would not of course be a part of his estate.

During the process of administration of an estate of a deceased person it seems important to discover what property comprises the estate. To this end the law re-

quires that all executors and administrators shall promptly make and file with the clerk of the probate court an inventory of all real and personal property "of the decedent" which shall come to their knowledge or possession. § 33-302, N.M. Comp. 1941.

I take it for granted that any heir at law, devisee, legatee, creditor or other person interested in what is asserted to be the estate of the decedent may challenge the correctness of the inventory. Surely such interested persons may do so should the executor or administrator assert in his final account and report that the decedent died seized of the property described in the inventory. See § 33-1211, N.M. Comp. 1941. The use of the word "devisee" in the section last cited as a person who may file objections to such final account and report may suggest a legislative intent that the provisions of section 33-1212 relate to real as well as personal property, the word "devisee" being particularly and almost solely used in connection with real property. See Ballentine's Law Dictionary. The ancillary administratrix filed her final report in which she stated that a certain estate comprised of specifically described real property in New Mexico was "left by decedent."

Of course property which may have once been owned by decedent but conveyed by him before his death was not "left" by him upon his death, and was not a part of his estate.

The appellants litigated this issue of what property was left by the decedent in the probate court without any objection to that court's jurisdiction. The question was litigated on the same issue de novo in the district court when the administration of the estate was removed to that court and no jurisdictional questions were presented. In fact, the appellants invoked the jurisdiction of the district court.

No jurisdictional question is presented in this court by appellants.

The only basis for the advancing of a question of jurisdiction of the probate court, or of the district court, that I can think of is that § 33-1212, N.M. Comp. 1941, is unconstitutional or that if constitutional the phrase "estate of the said decedent" therein employed refers only to personal property.

Neither of these contentions have been made by the appellants.

In my opinion it is improper for us to interject these questions. If and when they are properly raised doubtless many answers and arguments may be brought forward to sustain the statute against constitutional objection and against a contention that the words "estate of the decedent" do not embrace real estate.

If we had such a question before us it would not be controlled by our decisions in Fraser v. Ward, 47 N.M. 55, 134 P.2d 539, and McCann v. McCann, 46 N.M. 406, 129 P.2d 646. The first of these cases is clearly distinguishable, and in the second the question was not what property the decedent owned at the time of his death but whether an heir had renounced her inherit-

ance. In any event, the fact that the majority have realized the necessity of clarifying some statements in the McCann case impairs the value of the opinion in that case as a precedent.

In my opinion the decision of the district court should be reviewed upon its merits. For the foregoing reasons, I dissent.

On Motion to Dismiss.

PER CURIAM.

This cause coming on for hearing on appellants' motion to dismiss the appeal in which it is represented that the cause has become moot, and the Court having considered said motion and being sufficiently advised in the premises,

It Is Ordered and Adjudged that the judgment of this Court herein entered of record on May 21, 1943, be and the same is hereby vacated and set aside, and that the appeal herein be now and the same is hereby dismissed.