I am unable to concur in the foregoing opinion.
The opinion states "Whether or not a decree of the probate court, or that of the district court exercising probate jurisdiction, by determining heirship, etc., as provided by Sec. 33-1212, N.M. Comp. 1941, may effect the devolution of title to real property is a question not decided."
It seems to me that this question must be decided if the disposition of the case is made to rest upon jurisdictional grounds as proposed in said opinion.
The statute cited is as follows: "Allowance or disallowance of final account — Determination of heirship and ownership of estate — Appeal. — Upon the hearing the court shall give a decree allowing or disallowing the final account, either in whole or in part, as may be just and right; and, in addition thereto, shall proceed to determine the various claims of heirship, ownership, or interest in said estate, and shall proceed to hear the evidence which may be taken orally or by deposition in the same manner as provided in civil actions. And from the evidence produced, the court shall determine the heirship to said decedent, the ownership of his estate, and the interest of each respective claimant thereto, or therein, and the persons entitled to the distribution thereof, and enter a decree accordingly, and the final determination of the court thereon shall be final and conclusive in the distribution of said estate and in regard tothe title to all property of the estate of the said decedent.
Appeals shall be allowed from any final decree or judgment determining heirship, the ownership of the decedent's estate, or the interest of any claimant thereto or therein in the manner now provided by law for appeals from the probate court." (Emphasis supplied.)
It seems plain to me that the legislature intended by this act to repose in the probate court jurisdiction to determine what property decedent owned at the time of his death in order to determine what property the laws of descent and distribution or testamentary disposition by the decedent would operate upon.
A will might devise specifically described property to designated devisees but if after making the will the testator disposed of such property it would not of course be a part of his estate.
During the process of administration of an estate of a deceased person it seems important to discover what property comprises the estate. To this end the law requires *Page 126 
that all executors and administrators shall promptly make and file with the clerk of the probate court an inventory of all real and personal property "of the decedent" which shall come to their knowledge or possession. § 33-302, N.M. Comp. 1941.
I take it for granted that any heir at law, devisee, legatee, creditor or other person interested in what is asserted to be the estate of the decedent may challenge the correctness of the inventory. Surely such interested persons may do so should the executor or administrator assert in his final account and report that the decedent died seized of the property described in the inventory. See § 33-1211, N.M. Comp. 1941. The use of the word "devisee" in the section last cited as a person who may file objections to such final account and report may suggest a legislative intent that the provisions of section 33-1212 relate to real as well as personal property, the word "devisee" being particularly and almost solely used in connection with real property. See Ballentine's Law Dictionary. The ancillary administratrix filed her final report in which she stated that a certain estate comprised of specifically described real property in New Mexico was "left by decedent."
Of course property which may have once been owned by decedent but conveyed by him before his death was not "left" by him upon his death, and was not a part of his estate.
The appellants litigated this issue of what property was left by the decedent in the probate court without any objection to that court's jurisdiction. The question was litigated on the same issue de novo in the district court when the administration of the estate was removed to that court and no jurisdictional questions were presented. In fact, the appellants invoked the jurisdiction of the district court.
No jurisdictional question is presented in this court by appellants.
The only basis for the advancing of a question of jurisdiction of the probate court, or of the district court, that I can think of is that § 33-1212, N.M. Comp. 1941, is unconstitutional or that if constitutional the phrase "estate of the said decedent" therein employed refers only to personal property.
Neither of these contentions have been made by the appellants.
In my opinion it is improper for us to interject these questions. If and when they are properly raised doubtless many answers and arguments may be brought forward to sustain the statute against constitutional objection and against a contention that the words "estate of the decedent" do not embrace real estate.
If we had such a question before us it would not be controlled by our decisions in Fraser v. Ward, 47 N.M. 55, 134 P.2d 539, and McCann v. McCann, 46 N.M. 406, 129 P.2d 646. The first of these cases is clearly distinguishable, and in the second the question was not what property the decedent owned at the time of his death but whether an heir had renounced her inheritance. *Page 127 
In any event, the fact that the majority have realized the necessity of clarifying some statements in the McCann case impairs the value of the opinion in that case as a precedent.
In my opinion the decision of the district court should be reviewed upon its merits. For the foregoing reasons, I dissent.